## MILLER & VIDOR LUMBER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5754.

Circuit Court of Appeals, Fifth Circuit.

April 21, 1930.

John Neethe, of Galveston, Tex., Wm. S. Hammers, of Washington, D. C., for petitioner.

C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John McC. Hudson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen. (G. A.

Youngquist, Asst. Atty. Gen., and J. Louis Monarch and Helen R. Carloss, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from the Board of Tax Appeals, and presents a single question, whether petitioner (the taxpayer), using the accrual method of computing net income, is entitled to deduct in 1920, interest paid during that year, which accrued in prior years on its obligations. The facts are not in dispute. Petitioner, a Texas corporation, in 1914 gave two series of notes, secured by deeds of trust, on its corporate property. One series consisted of ten notes of $5,000 each, payable three and a half years after date, with interest payable at different dates, all falling due in 1917. Part of the interest had been paid in cash, the balance and the principal was liquidated in 1920 by a new series of notes. The second series consisted of two, executed April 1, 1914, due five years after date, the interest thereon due at maturity, on April 1, 1919. On April 1, 1920, both principal and interest were liquidated by new notes. Petitioner kept its books of account and made its income tax returns upon the accrual basis, which fairly reflected its net income. In its return for 1919 it claimed as a deduction, on account of interest paid or accrued, $22,982.36. In its return for 1920 it claimed as a deduction for interest $104,806.56. It was allowed a deduction for accrued interest in 1919 in the amount of $30,611.14. This created a net loss for 1919 of $9,943.95, which was allowed as a deduction from gross income of petitioner in 1920, petitioner having shown a loss in its 1918 return. For 1920 it was allowed as a deduction for interest $48,862.54, and disallowed $55,944.02, which was interest on its indebtedness incurred in prior years to 1920, and paid in 1920. It is from the disallowance of this amount that it appeals. Petitioner contends that the interest for prior years is deductible in 1920 when paid, or, at least, that the interest, due on the two notes in April, 1919, was accrued and deductible in that year, which would have increased the loss in that year, and have been deductible as such in 1920. Respondent's position is that, as petitioner kept its books and rendered its returns on the accrual basis, the interest is deductible only in the years in which it accrued as an expense of the business, and could not be accumulated for prior years and deducted from income in 1920, when paid.

Section 234 (a) (2) of the Revenue Act of 1918 (40 Stat. 1077), the applicable statute, provides for the deduction of interest on the taxpayers' indebtedness with certain exceptions, not pertinent. Article III of Treasury Regulation 45 provides that each year's return both as to gross income and deductions shall be complete in itself; that expenses, liabilities, or deficit of one year cannot be used to reduce income of a subsequent year; that a taxpayer making a return on an accrual basis has the right to deduct all authorized allowances, whether paid in cash or set up as a liability, and that if he does not within any year pay or accrue any of his expenses, interest, taxes, or other charges, and makes no deduction therefor, he cannot deduct from the income of the next or any subsequent year any amounts then paid in liquidation of the previous year's liabilities. The regulation has been carried forward under subsequent revenue acts, and the Treasury Decision, No. 2433, analogous to it, has been approved by the Supreme Court in the case of United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. In that case the Supreme Court held that a taxpayer, who made his return on the accrual basis, could deduct a munitions tax only in the year during which the business was done on which the tax was imposed, though it was not paid until the next year. The Supreme Court said, at page 440 of 269 U. S., 46 S. Ct. 131, 134: "It was to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period. * * * The appellee's true income for the year 1916 could not have been determined without deducting from its gross income for the year the total cost and expenses attributable to the production of that income during the year. The reserve for munitions taxes set up on its books for 1916 must have been deducted from receivables for munitions sold in that year before the net results of the operations for the year could be ascertained. The taxpayer being unable to make its return on a strict receipts and disbursements basis, and not having attempted to do so, could not have complied with section 13(d) and Treasury Decision 2433 by deducting either accruals of interest or expenses alone without the other, or without deducting other reserves made on its books to meet liabilities such as the munitions tax, incurred in the process of creating income."

See, also, United States v. Mitchell, 271 U. S.

9, 46 S. Ct. 418, 70 L. Ed. 799; American Nat. Co. v. United States, 274 U. S. 99, 47 S. Ct. 520, 71 L. Ed. 946. We think these cases and the regulations clearly establish the rule that, as to taxpayers making their returns on the accrual basis, deductions attributable to the business of a particular year must be applied against the income they help to create from the business of that year, and not against that of a subsequent year in which payment was made. The cases relied upon by petitioner are cases in which liability was contingent and not fixed and certain, and cases in which it did not appear that the taxpayer made his returns upon the accrual basis, and are different from the cases cited, and from the facts of the instant case.

In this case the petitioner kept its books and made its returns on the accrual basis, which reflected true income. The interest on the notes was a fixed liability of a definite amount, ascertainable at the end of each year. While the interest was not paid annually, and was not due annually, it was earned annually. Each year's interest was ratably earned by the use of the principal sum in the business of the taxpayer during the year of its use. It was an expense of creating the income for each separate year, and the net income of the business for a particular year could be ascertained only by deducting from gross income the item of annual interest. The year of the payment of the interest and the year when the interest matured have no importance, where the accounting is on the accrual basis. Scientific accounting requires the deduction to be made from the gross income, which the item of expense helped to create, and that requires the deduction for annual interest to be made from the gross income of the year in which the principal served to create it.

Under the Revenue Act of 1918, and the Treasury Regulations, as construed by the decisions cited, we think the petitioner was not entitled to deduct from its gross income for the tax year 1920 any accumulated interest for prior years, nor any interest maturing in April, 1919, and which was paid in 1920, but only such interest as accrued during the tax year of 1920 on the indebtedness evidenced by the two series of notes. If this is not permissible under the Revenue Act of 1918, the fact, if it be a fact, that the petitioner could not have accrued interest annually and ratably under earlier revenue acts before it was due and paid, is of no avail to him in this case, except as an unconvincing argument against the conclusion we have ar-

rived at, and which leads to an affirmance of the order appealed from.

Affirmed.