## PLANET LINE, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 203.

Circuit Court of Appeals, Second Circuit.

April 5, 1937.

Frank V. Barns, of New York City, for Planet Line, Inc.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner was incorporated in 1923 and entered into an operating agreement with Planet Steamship Corporation covering seven cargo vessels owned by the latter. Petitioner's due and timely performance of the agreement was guaranteed by Seas Shipping Company, Inc., which owned all the outstanding capital stock of the petitioner.

The contract was duly performed by petitioner, that being the only business it conducted, until it was canceled in 1930 by mutual agreement, at which time the petitioner received a substantial sum as its consideration for the cancellation, and since then it has done no business except that concerned with winding up its affairs.

By the terms of the operating agreement the petitioner received a manager's commission out of the gross freight of each cargo loaded and paid expenses as agreed which need not be stated in detail as there is no dispute as to amounts. At the end of each calendar period of six months the accounts of all completed voyages were liquidated and the net profits divided equally between the parties to the operating agreement.

During all the years 1923 to 1930, inclusive, the petitioner kept its books on a variation of the accrual system which may be called the accrual system on the completed voyage basis. Its income tax returns were filed in accordance with the system it used in keeping its books, and that method was accepted as one clearly reflecting income, as indeed it did so far as the method employed was concerned. In general it consisted in holding in suspense cash receipts and disbursements applying to uncompleted voyages until an accounting was made for the six months' period in which such voyages were completed at which time the items in suspense were allocated to the proper completed voyages, as were accrued items proper to be so treated.

The deficiency determined by the Commissioner for 1930 and redetermined by the Board is due to the fact that in each year from 1923 to 1930, inclusive, the petitioner owed the Seas Shipping Company, Inc., money which it borrowed from time to time as needed to carry out the operating agreement and so became liable to pay interest on the balance in each year due Seas Shipping Company, Inc. It did not pay any such interest until 1930 when the contract was

canceled and it paid both principal and interest in full. During previous years no such interest had been accrued in the returns of income it filed in accordance with what the petitioner represented in the returns to have been the accrual basis. In the 1930 return the petitioner did not indicate whether the basis was that of cash receipts and disbursements or accrual, but it did deduct the full amount of interest paid in that year to Seas Shipping Company, Inc. The Commissioner allowed only the interest attributable to 1930 and determined the deficiency by disallowing all interest for previous years on the ground that the method of accounting employed required the previous accrual of that. The Board sustained this position and the petition to review its decision followed in due course.

■ Though the petitioner argues that it had no liability, except a contingent one, to pay interest in the previous years, that is not supported by the evidence and the respondent's determination that there was such liability must be taken as correct. Section 43 of the 1928 Revenue Act (26 U.S.C.A. § 43 and note) required deductions and credits allowable to be taken for the taxable year in which "paid or accrued" or "paid or incurred" and made the method of accounting employed by the taxpayer the test unless the deductions should be taken for a different period in order clearly to reflect the income. As its practice of reporting its income on the method of accrual on the completed voyage basis had been approved, and properly so, Badgley v. Commissioner, 59 F.(2d) 203 (C.C.A.2), it follows that the failure to give effect to interest liability in the years before 1930 was an error. Aluminum Castings Co. v. Routzahn, 282 U.S. 92, 51 S.Ct. 11, 75 L.Ed. 234. Whatever mistakes were thus made, however, were no justification for deducting in 1930 interest which, under the method of accounting the petitioner employed, should have been deducted in former years. Niles Bement Pond Co. v. United States, 281 U.S. 357, 50 S.Ct. 251, 74 L.Ed. 901.

■■ The statute (section 41 of the 1928 Act [26 U.S.C.A. § 41 and note]) required the petitioner to report its income in accordance with its regular accounting method if that clearly reflected its income or, if it did not, to report it in accordance with such method as in the opinion of the Commissioner would do so. There was no particular named method that was required and no name given to the method employed mattered so long as there was a clear reflection of income. Aluminum Castings Co. v. Routzahn, supra. But it was essential, in the absence of permission to do otherwise, and there was none, that the petitioner report its income for 1930 in accordance with the method of accounting it had been using and the Commissioner had approved in order that there should be no distortion. While the object to be attained is the clear reflection of income for the taxable period and not consistency of accounting methods or nicety of descriptive language in speaking of such methods, it becomes necessary to call them something. The petitioner takes exception to the action of the Board in treating the issue as one dependent for solution upon whether it was on the accrual or the cash receipts and disbursements basis. But in so doing it has lost sight of the substance of the Board's action in its criticism of what is but language.

Granting that petitioner did not employ exclusively the usual method of accounting known as the accrual system, it was correct enough for the Board to speak of it as accrual in distinguishing it from the cash receipts and disbursements basis of accounting which was the method used by the petitioner in making its 1930 return in respect to the item of interest for previous years. This was obviously a departure, and an unauthorized one, from the way it had previously made its returns of income. Consequently, it is of no moment that something like the accrual system on the completed voyage basis would have been a more accurate description of that. It did in fact change the basis on which it reported in 1930 from that on which it had previously reported and that did in fact distort its reported income for 1930. That was the ground of the Board's decision and it was a sound one because accrual on the completed voyage basis called for deduction of interest in previous years which on that basis was an element in determining profit or loss on such voyages. See Miller & Vidor Lumber Co. v. Commissioner (C.C.A.) 39 F.(2d) 890. The petitioner has presented for review no issue not based on an unjustified attempt in 1930 to take interest deductions which under its method of accounting should have been taken in former years.

Affirmed.