## STREET & SMITH PUBLICATIONS, Inc., v. UNITED STATES.

District Court, S. D. New York.

April 26, 1941.

Palmer & Serles, of New York City (Paul P. McDermott, of New York City, of counsel), for plaintiff.

John T. Cahill, U. S. Atty., of New York City (Clarence W. Roberts, Asst. U. S. Attorney, of New York City, of counsel), for defendant.

BYERS, District Judge.

The plaintiff seeks to recover for its alleged overpayment of income taxes ($12,-110.84) for 1931, being on interest which it paid during that year upon an income tax assessment for prior years; and on $55,-360.44 which was treated as income because that sum was returned to it during 1931 pursuant to refusal to accept it in compromise

tendered during 1930 and deducted during that year from its 1930 income tax return.

It is necessary to discuss these items separately.

As to the first, it sufficiently appears from the stipulation under which the cause was tried, that the taxpayer's predecessor (to the assets and liabilities of which it succeeded prior to 1930) had been the subject of contested deficiency assessments for the years 1919, 1920 and 1921. These were established on March 30, 1930, at the respective figures of:

|        | Tax          | Interest    |
|--------|--------------|-------------|
| (1919) | $138,594.13  | $34,648.53  |
| (1920) | 156,445.62   | 39,111.41   |
| (1921) | 111,622.37   | 51,827.18   |

It is unnecessary to deal with these totals, or to trace the payments and credits for overassessment against these items; it will suffice to say that beginning August 11, 1930, payments were made and credits entered, to and including August 20, 1931, as of which date it seems that the said deficiencies as to tax and interest were finally liquidated.

There is no dispute that during the year 1931 the petitioner paid $108,143.61 in all as interest on the above deficiencies, and in its return for 1931 claimed no deduction therefor, as such; and that the income tax for 1931 on that item is $12,977.23.

It will be seen that the total of interest on the deficiencies was $125,587.12, which is the amount which the Commissioner so assessed on April 26, 1930; on August 20, 1931, he determined that $17,410.43 (assessed April 26, 1930) had been in error. This latter figure, added to the said $108,-143.61, accounts for the total of interest on the deficiencies, with a slight difference not presently important.

Nor is the difference between the income tax for 1931 on $108,143.61 ($12,977.23) and the sum now sought under this heading ($12,110.84).

To the petitioner's claim, the Government makes two answers:

First, that the item of $125,587.12 cannot be regarded as interest although it was so assessed, because it merged in the tax itself; see 26 U.S.C.A. Int.Rev.Code, § 292: "Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum * * *." Moreover, that it is erroneous to describe this as interest upon a debt, because taxes are not debts.

Second, that since the taxpayer kept its books upon the accrual basis, and as these several items of interest accrued during the years for which the deficiencies were assessed, no deduction in respect of the $108,-143.61 could be asserted for the year 1931, in which payment was made.

It seems artificial, to say the least, to ascribe the accrual of the interest items to any year prior to 1930, the year of assessment, in view of the paucity of information afforded by the record, as to the basis of liability in 1919, 1920 and 1921, as finally determined in 1930.

It was in that year that the liability became fixed i.e., it accrued (Cecil v. Commissioner of Internal Revenue, 4 Cir., 100 F.2d 896), and in that year it should have been asserted.

The record is not informative as to when the return for that year was filed, but if by chance it was prior to April 26, 1930, the date of the assessment, nothing is shown to suggest that an amended return, for the company's fiscal year during which the interest item accrued, could not have been filed, or that an appropriate application for that relief was refused.

The cases are numerous to the effect that where books are kept on an accrual basis, as here, an accrued loss must be asserted in the year of accrual, in order to be offset against receipts; no reason occurs for treating otherwise an item of interest pertaining to the accrued loss.

See Planet Line, Inc., v. Commissioner of Internal Revenue, 2 Cir., 89 F.2d 16; Miller & Vidor Lumber Co. v. Commissioner of Internal Revenue, 5 Cir., 39 F.2d 890.

The plaintiff urges that the interest item of $125,587.12 should not be deemed to have accrued in 1930, because it was not then accepted by the taxpayer, on whose behalf redetermination was sought, and that an offer in compromise was made before the expiration of 1930; that the redetermination was favorable to the taxpayer, as has been stated, to the extent of $17,410.43 on August 20, 1931, which proves that the entire interest item should be viewed as at April 26, 1930, as depending "in large part on the course of future events" within the decision of Lucas, Commissioner of Internal Revenue, v. American Code Co., 280

U.S. 445, 50 S.Ct. 202, 204, 74 L.Ed. 538, 67 A.L.R. 1010.

If that argument is sound, it means that this taxpayer could not have set up the interest item during its 1930 fiscal year, by reason of the pendency of the application for redetermination.

It is thought that this is unsound, because it would import into the mere calculation of interest, the unpredictable quality which characterizes an unliquidated claim for contract damages, and which would persist until redetermination should be granted in whole or in part, or refused. The accident of granting it as to $17,410.43 could no more affect the essential nature of the original calculation of interest as computed in the assessment, than would a denial of it in toto.

The obligation to pay accrued in 1930, and if it constituted a proper deduction as an item of indebtedness to be offset against receipts so as to establish net income subject to taxation, that was the only appropriate year for so doing.

Upon this basis, and not because the item ever lost its character as interest, or that it did not constitute a debt, this branch of the plaintiff's case must fail.

The second issue involves the tender of $55,360.44 in compromise of the said interest item, made on September 15, 1930, and deducted from its 1930 return—and so allowed—as interest paid during that year. On February 5, 1931, the offer in compromise was rejected, and on March 24, 1931, the check was returned. The item was included as part of taxpayer's income for 1931, and the tax thereon is agreed to have amounted to $6,643.25.

The plaintiff asserts that neither the tender to the Government, nor its return, should have been treated as it was; that as to the first, it was not interest paid in 1930, and could not be properly deducted from income for that year; and as to the second, the repayment could not have been properly considered income during the year in which it was returned.

That redetermination, in respect of this item, of the return for 1930 would have been proper, and hence this claim should be allowed, and the sum treated as the return of capital in 1931, which would render it non-taxable as income.

In an action for money had and received, the court is required to consider whether in good conscience the defendant should be called upon to return that which the plaintiff seeks to obtain from it. The mere statement of the plaintiff's position exposes an anomaly.

The Government opposes:

First, because under Estate of Block v. Com'r of Internal Revenue, 39 B.T.A. 338, the recovery of the $55,360.44 in 1931 was required to be treated in the same way that the payment was in 1930—which seems to be the common-sense of the matter.

Second, that the plaintiff is estopped because the filing of this claim on June 27, 1935, was too late to permit the Commissioner to review and reassess for 1930 on the theory that the sum in question was a withdrawal of capital, whereby the income tax liability of the plaintiff would have been increased on redetermination.

Third (which supplements the second) that the filing of the claim on the last-mentioned date was not the amendment of a timely claim for refund (namely, that the $108,143.61 should have been allowed for 1931, discussed above) but the attempted inclusion of a new and unrelated claim which must be rejected as untimely.

The only question which seems to require discussion is the plaintiff's attempt to identify this claim with the larger one, so as to bring it within the decision of Pink v. United States, 2 Cir., 105 F.2d 183, 187.

This claim was filed October 31, 1933, and the presently material assertion is:

"On March 25, 1931, we paid to the Collector of Internal Revenue interest on 1920 and 1921 additional tax amounting to $106,-515.42 and on June 5, 1931, $1,628.19 interest on 1919 tax. These items were erroneously treated as taxes paid on our return, and not deducted from income.

"As interest this amount of $108,143.61 is deductible at 12%—$12,977.23, plus interest at 6%."

An amended claim, verified June 27, 1935, was filed, which reads as follows: "On March 25, 1931, interest on additional income taxes for 1919, 1920, 1921 and/or 1918 was paid amounting to $106,515.42. On June 5, 1931, $1,628.19 was paid as interest on 1919 tax. These items were treated as income taxes paid and shown only in Schedule L of the return filed as non-taxable income. The amounts paid are deductible from taxable income. Refund of taxes overpaid (12% or $12,977.23) plus interest at 6% is requested. *Refund is also*

*requested on account of inclusion as taxable income of interest refunded during 1931 (a/c rejection of offer in compromise) of $55,360.44."* (Italics supplied.)

The question is whether the italicized matter "would necessarily have been ascertained by the commissioner in determining the merits of the original claim" or whether "the amendment requires the examination of new matters which would not have been disclosed by an investigation of the original claim." Pink v. United States, supra.

It seems clear that the facts concerning the alleged error, in treating the $108,143.61 paid during 1931 as taxes instead of interest upon an indebtedness, could have been thoroughly explored, without bringing to light the offer in compromise, or the way in which the amount tendered and rejected was treated in the returns for 1930 and 1931, respectively.

Naturally the court cannot make such an assertion with assurance, in the absence of testimony from the offices of the revenue officials as to the practice they pursue in passing upon such matters; it must be admitted that the conjecture which has been stated may be entirely erroneous. The inference is believed to be more than plausible, however, because the allowance or rejection of the claim, in whole or in part, could have proceeded to determination entirely without reference to the way in which the proffered settlement was reported in the 1930 and 1931 returns. That is, the original claim could have been allowed, and still the second one could have been considered and disposed of separately, and the underlying theory of its assertion would have been weighed as a subject entirely unrelated to the interest payments made in 1930, and the proper classification thereof for the purposes of the return.

In the Pink case, supra, the decision was that the sources of the taxpayer's income were presented for consideration in both the original and amended returns, and that the facts involved (in the latter) "would necessarily have been discovered by an investigation of the original claim". With some diffidence, the opinion is presently expressed that this was not necessarily true here, although the fact of the offer in compromise might have come to light, depending upon the completeness of the investigation; but if it had, that would not have led to the inevitable discovery that the amount tendered and rejected was set forth in the one year as a deduction from income, and in the next as an item of income.

If this is correctly reasoned, within United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398, it follows that the amendment is to be treated as an issue new to the original claim and hence not timely filed.

As to both claims, it results that there must be judgment for defendant. Settle findings.