V. T. H. BIEN AND BERTHA C. BIEN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33872.   Promulgated April 10, 1953.

*Edward A. White, Esq.,* for the petitioners.
*Reuben G. Clark, Jr., Esq.,* for the respondent.

50

**OPINION.**

HILL, *Judge:* Section 41 of the Internal Revenue Code provides that net income shall be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed in keeping the books of such taxpayer, but if the method regularly employed does not clearly reflect net income it shall be computed in accordance with such method as in the opinion of the Commissioner does clearly reflect net income.

Section 42 of the Code requires that all items of gross income shall be included in the gross income of the taxpayer in the year in which it is received unless an accounting method permissible under section 41 and regularly employed by the taxpayer requires that such items be accounted for as of a different period.

Similarly, section 43 of the Code provides that deductions shall be taken by the taxpayer for tax purposes in the year in which they are "paid or accrued" or "paid or incurred," dependent upon the method of accounting regularly employed in the computation of net income, unless in order to clearly reflect income the deductions or credits must be taken in a different period.

The language of these three sections of the Code is not so free of ambiguity as the simplicity of the terms used would indicate, for an examination of the language of these sections reveals almost perfect circuity of reasoning. The key language of the three sections involved is this: "clearly reflect the income." Nowhere do the revenue statutes define what does or does not clearly reflect the income. In deed, from the very nature of the business complexities involved in taxation it is seen that what will or will not clearly reflect income must vary greatly from business to business and from factual situation to factual situation. Since this is the case, the courts have given wide

latitude to the respondent in his administrative determinations under sections 41, 42, and 43 of the Code. See *Stern Brothers & Co.*, 16 T. C. 295; *Hygienic Products Co.*, 37 B. T. A. 202, affd. 111 F. 2d 330, certiorari denied 311 U. S. 665.

We have found that the petitioner has computed his net income in accordance with the method of accounting regularly employed in keeping his books; therefore, our inquiry is limited to whether or not the method employed by the petitioner clearly reflects income. To prevail, the petitioner must produce evidence of sufficient weight to overturn the respondent's determination that his method does not clearly reflect the income. Thus it is pertinent to inquire into the method of accounting used by the petitioner for the purposes of computing his net income.

The petitioner refers to his method of accounting as a "completed contract" method. However, under examination, it is immediately apparent that his system is a "hybrid" system. Actually, his method is almost entirely the cash receipts and disbursements method. All items of income and expense relating to his profession of architect are entered upon his books of account when received or paid through the cash receipts and disbursements book. Fees received are entered in the cash book from deposit slips and subsequently posted to the individual job cost sheets from which monthly totals, reflecting receipts for the month, are entered in the income account, #600, known as "deferred architectural fees." The costs denominated "direct costs" in our Findings of Fact are similarly posted from check disbursements to the job sheets and from there in monthly totals to expense account, #131, known as "jobs in progress." The "indirect costs" are treated in the same fashion with the exception that they are posted to the general ledger expense account. At this point in the petitioner's method of accounting, the ledger accounts all reflect a pure cash receipts and disbursements method, as they do at the close of the accounting period but, instead of closing out to profit and loss at the end of each year all expenses and items of income pertaining to such year, petitioner's accountant closes out to profit and loss only the indirect costs and only those jobs which he is advised by the petitioner were completed in such year.

Petitioner argues that he employed this method in order to "get all of my costs in and all of my fees in before I attempted to figure what the profit might have been" from each job. However, it is seen at once that he does not include all of his costs in determining profit or loss on individual jobs, inasmuch as the "indirect costs" are incapable of apportionment and thus not apportioned to the individual jobs. His system permits him to determine gross profit from individual jobs. This, of course, is of interest to the petitioner; here,

however, we are concerned only in determining whether or not the petitioner's system of accounting clearly reflects his net income, a statutory concept, for each taxable year. To the extent that the petitioner's method tends to distort his net income, the requisite correlation between income and the cost of producing it, required by sections 41, 42, and 43 of the Code, is destroyed. That distortion is present in the petitioner's method of accounting is borne out by the fact that under the standard contract used by the petitioner he is paid as he performs his services within a short time after incurring his direct costs.

It is also significant that the petitioner has failed to show that his books of account relating to his profession have been kept on the same basis as other architects. See *Seas Shipping Co.*, 1 T. C. 30; *Planet Line, Inc.*, 34 B. T. A. 253, affd. 89 F. 2d 16. Indeed, petitioner's own expert witness indicated that he kept his books of account and reported his income for tax purposes on the cash receipts and disbursements method. The vital defect in petitioner's method of accounting is this: The petitioner retains control over a time element in reporting his income for tax purposes. Yet, as he does so, he has on hand a portion or all of the fees attributable to each job. The petitioner's accountant closed out only those jobs at the end of a given year which the petitioner informed him had been completed. In addition, the petitioner on occasion kept open jobs which he thought might be abandoned but in which he felt a possibility of renewal existed. Certainly this is not the "completed contract" method of accounting, whatever else it might be, for under the completed contract method the taxpayer has no discretion over when to close out his jobs for purposes of determining net income. Jobs under that system must be closed out in the year in which substantially completed. *Ehret-Day Co.*, 2 T. C. 25; *Mesta Machine Co.*, 12 B. T. A. 523.

We do not mean to reflect on the good faith of the petitioner; however, undue flexibility resting in the taxpayer is fatal for the power to report income and take deductions at such indefinite future time as is indicated by a taxpayer's own judgment and selection is without the pale of the sound basis of accounting required by the Internal Revenue Code. See *Brown* v. *Commissioner*, 63 F. 2d 66, affd. 291 U. S. 193.

As a matter of pure bookkeeping logic, the petitioner may plausibly argue that consistency alone is sufficient to make any method of accounting clearly reflect income. However, we deal here with tax concepts and it is not in our province to weigh the relative advantages of various accounting systems known to accountants. Nor may we interfere with the respondent's determination in this regard unless the petitioner produces evidence which proves abuse of the wide discretion given to the respondent under the provisions of section 41 of the Code. Such a showing has not been made by the petitioner;

therefore, on the basis of the record as a whole, the determination of the respondent upon this issue must be sustained.

The petitioners claim a deduction for the year 1946 in the amount of $600 alleged to have been incurred in connection with the rental of a portion of their residence. Nothing in the record tends to substantiate their claim that the expenses were in fact incurred. Therefore, they have failed to sustain their burden of proof and the respondent must be sustained on this issue.

Petitioners for the year 1946 and petitioner V. T. H. Bien for the year 1947 claim additional deductions in connection with the mainteance of an office in their residence in the amount of $600 for each year. There is no question but that the petitioner did maintain a business office in his residence and should be permitted to deduct an aliquot portion of the expenses incurred in maintaining the residence. The $600 for each year is based on what the petitioners admit to be an estimate. The record, however, is devoid of facts from which the reasonableness of the estimate may be judged. However, it can not be doubted that they did incur some deductible expense in this connection. Therefore, bearing most heavily upon the petitioners, we hold that they are entitled to deduct $400 in each of the years 1946 and 1947 as expenses incurred in connection with maintaining an office in their residence. *Cohan* v. *Commissioner*, 39 F. 2d 540.

*Decision will be entered under Rule 50.*