## HYGIENIC PRODUCTS CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8048.

Circuit Court of Appeals, Sixth Circuit.

April 12, 1940.

Meyer A. Cook, of Cleveland, Ohio (Meyer A. Cook, of Cleveland, Ohio, on the brief), for petitioner.

A. A. Armstrong, of Washington, D. C. (James W. Morris, J. Louis Monarch, and W. Croft Jennings, all of Washington, D. C., on the brief), for respondent.

Before HICKS, HAMILTON, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

The only question presented by this petition is whether income taxes due the Dominion of Canada for the taxable years 1930, 1931, 1932 and 1933, and paid in 1934, are deductible from income taxes due the United States for the taxable year 1934. The Commissioner disallowed the deduction and determined a deficiency; and the Board of Tax Appeals has approved that determination. Practically all the facts are stipulated.

Section 31 of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Code, § 31, provides for credit upon income tax due the United States of income taxes imposed by foreign

countries, and Section 43, 26 U.S.C.A.Int. Rev.Acts, page 679, provides that such credit "shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent· upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period." Section 41, 26 U.S.C.A.Int.Rev. Code, § 41, provides: "The net income shall be computed upon the basis of the taxpayer's annual accounting period * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

Petitioner contends that its accounting system was on the cash basis as to expenses, and, in consequence, it was entitled to deduct the taxes in the year in which they were paid.

Among the facts stipulated are the following:

"The income tax returns of the petitioner filed with the Collector of Internal Revenue at Cleveland, Ohio, have contained the following information:

" 'Basis of Return.

" '6. Is this return made on the basis of cash receipts and disbursements? No.

" 'If not, describe fully what other basis or method was used in computing net income. Accrual.'

"The petitioner has consistently throughout its corporate existence treated the sales of its product and other property as income when such sales were made whether or not the cash was collected at the time of making the sale.· Inventories of goods on hand are used at the beginning and end of each year in determining the cost of goods sold, even though in the cost of goods sold there are or may be items of inventory that are not paid for nor charged to 'Purchases' in the year in which the inventory is effective. The expenses of the petitioner have consistently been recorded only as the cash was disbursed, even though there appears at times an item on the balance sheet called 'Accounts Payable,' which is in each instance a customer's credit balance and not unpaid purchases or expenses. The petitioner has never accrued on its books or

its returns any Federal, State, County, Municipal or other taxes owing at the end of the taxable year. The Commissioner in adjusting the petitioner's returns has accrued these taxes."

Petitioner characterizes its· system of accounting as "hybrid." No such system, however, is recognized by the Act; unless the system conforms to one method, it does not reflect income in accordance with the Act, and the Commissioner is empowered to make such corrections as are necessary to make the return accurately reflect income. Niles Bement Pond v. United States, 281 U.S. 357, 50 S.Ct. 251, 74 L.Ed. 901; United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347. See also Massachusetts Mutual Life Ins. Co. v. United States, 288 U.S. 269, 53 S.Ct. 337, 77 L.Ed. 739; United States v. American Can Co., 280 U.S. 412, 50 S.Ct. 177, 74 L.Ed. 518.

Petitioner argues that it must follow from the Commissioner's acquiescence in the accounting system that income is clearly reflected thereby. In so contending petitioner ignores the fact stipulated, that while petitioner "has never accrued on its books or its returns any Federal, State, County, Municipal or other taxes owing at the end of the taxable year," the Commissioner "in adjusting the petitioner's returns has accrued these taxes." It thus appears that the Commissioner, though requiring no change therein, has consistently taken the position that petitioner's system of accounting is predominantly accrual, and that accrual of taxes in the year in which they become due is necessary to a clear reflection of income. The finding of the Commissioner and the Board that petitioner's books were kept on the accrual basis is conclusive here, and it follows that credits for these taxes should have been claimed in the years in which they accrued. Niles Bement Pond Co. v. United States, supra; United States v. Anderson, supra.

It appears that, although the Canadian statute was enacted in 1924, no demand was ever made of petitioner for payment of· taxes for the years 1924 to 1929, inclusive. Acting upon the advice of its Canadian agent that it was not liable, petitioner filed no tax returns until requested by the Canadian government to do so for the years 1930, 1931, 1932 and 1933. Though it complied with this request, petitioner denied liability on the ground that it was not doing business in Canada within the mean-

ing of the law. Liability was definitely determined to petitioner's satisfaction on July 25, 1934, and the taxes due were paid during that year.

Petitioner then argues that if the Commissioner had power to make adjustments by accruing taxes contrary to its method of bookkeeping, he "not only had the power but the duty to have recognized the manner in which the petitioner conducted its business in Canada and at the period of adjustment in each year to have allowed as a credit, on the accrual basis, the taxes 'accrued and payable' to the Canadian Government which the petitioner is now claiming." In other words, the Commissioner should have decided, before it was ever raised, the question that it took almost a year in Canada to settle to petitioner's satisfaction. There is no merit in this contention. See United States v. Anderson, supra; Niles Bement Pond Co. v. United States, supra.

The decision of the Board of Tax Appeals is affirmed.