SOUTH TACOMA MOTOR COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110784. Promulgated March 6, 1944.

*Charles F. Osborn, Esq.*, for the petitioner.
*Wilford H. Payne, Esq.*, for the respondent.

OPINION.

DISNEY, *Judge*: During each of the taxable years in question, petitioner reported as gross income from the sales of the coupon books described in the facts above only that part of the proceeds therefrom which was represented by the actual performance by petitioner during the particular taxable year of the services specified in the agreement. Petitioner carried the balance of the proceeds on its books of account as a liability.

Petitioner contends that his method of accounting and of reporting income from the sales of the coupon books is entirely consistent with the following applicable provisions of the Internal Revenue Code:

Section 41, Internal Revenue Code. providing in part as follows:

The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

Section 42, Internal Revenue Code. providing in part as follows:

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. * * *

Respondent, relying on the same sections of the Internal Revenue Code, has determined that all the proceeds received in a particular taxable year from the sales of these coupon books should be included in petitioner's gross income for that taxable year. irrespective of whether petitioner performed any services during that taxable year pursuant to the sales agreements.

Petitioner makes two principal contentions to sustain its position: (1) The customer has the right to rescind the contract and receive a refund after the taxable year in which the coupon book was sold; and (2) the nature of the contract is such that petitioner will have to perform many of the services required by the contract subsequent to the taxable year in which the coupon book was sold.

The first of these contentions must be rejected on the authority of *Brown* v. *Helvering*, 291 U. S. 193, wherein it is pointed out that "the mere fact that some portion of it [the money received by the taxpayer] might have to be refunded in some future year in the event of cancellation * * * did not affect its quality as income." Either party to the insurance contracts there considered had the right of cancellation, as the Court points out. See also *Grauman's Greater*

*Hollywood Theatre, Inc.*, 37 B. T. A. 448; *Automobile Underwriters, Inc.*, 19 B. T. A. 1160. In *Pioneer Automobile Service Co.*, 36 B. T. A. 213, where the petitioner sold automobile service contracts, we approved the inclusion of the sales price in income in the year of sale and disapproved the idea of a reserve for expenses.

The second contention must also be overruled on the authority of *South Dade Farms, Inc.* v. *Commissioner*, 138 Fed. (2d) 818, wherein the court states that "section 41 * * * required that the method of accounting should clearly reflect income, not net earnings." The petitioner received its income in the taxable year, though its net earnings therefrom might be affected in a later year.

Petitioner cites as authority for its method of reporting the proceeds received from the sales of the coupon books the case of *Clinton Hotel Realty Corporation* v. *Commissioner*, 128 Fed. (2d) 968. That case is distinguishable from the instant case because the alleged advance payment of rent in that case was provided by the lease as "security" or as a "deposit" for the payment of rent and the performance by the lessee of the various other covenants in the lease. The court in that case pointed out that "if the only agreement was that it should apply to the last year's rent, it would of course be rent paid in advance" and therefore includible in the taxpayer's gross income for the year in which received. Cf. *Edwin B. De Golia*, 40 B. T. A. 845. The facts in the instant case are in closer analogy to the case of *Astor Holding Co.* v. *Commissioner*, 135 Fed. (2d) 47, wherein the court, in holding that an amount paid to a lessor as rent in advance is taxable income in the year of receipt, distinguished *Clinton Hotel Realty Corporation* v. *Commissioner, supra*, and stated that "whether a payment falls into one category or the other depends on the facts of the particular case."

Petitioner also cites *Bonded Mortgage Co. of Baltimore* v. *Commissioner*, 70 Fed. (2d) 341, as authority for the general proposition that both sides of petitioner's "ledger must be treated alike; otherwise its true income will not be reflected by the accounting." Relying upon this general proposition, petitioner argues that, since it is permitted to deduct expenses only in the year in which they are incurred, *Stern Bros.*, 13 B. T. A. 1192, it follows that it should be permitted to postpone the inclusion of the proceeds from the sale of these coupon books to the year in which it incurs expenses in performing the services called for in the coupon books. In the *Bonded Mortgage Co.* case, the Commissioner sought to require the taxpayer to include all the commissions received by it on mortgage loans in its gross income for the year of receipt, and at the same time denied the taxpayer the right to deduct all its expenses incurred during that same year in carrying on its business. such as bankers' commissions on the company's bonds or notes sold and annual premiums to the surety company which guaranteed the mortgages. The Commissioner contended that these ex-

ɛenses should be prorated over the life of the bonds or notes. The court held that the taxpayer could deduct these expenses in the year in which they were incurred without proration. In the *Bonded Mortgage Co.* case, the taxpayer incurred the expenses in the same year he received the income; the question there was whether it was proper to require the taxpayer to prorate expenses where income was not prorated. In the instant case, as far as the portion of the proceeds which are here in question is concerned, petitioner admits it did not incur any expenses with reference thereto in the year of their receipt; therefore, no question similar to that in the *Bonded Mortgage Co.* case arises.

When petitioner in the instant case sold and was paid for a coupon book an unilateral contract resulted and petitioner's right thereunder to use the proceeds was absolute. It was under no restriction, contractual or otherwise, as to their disposition, use, or enjoyment. The possibility of being required to make refunds in the future constitutes no such restriction. *Brown* v. *Helvering, supra.* Refunds were made in *South Dade Farms, Inc.* v. *Commissioner, supra.* Petitioner did not maintain a separate fund for these proceeds; they were kept in petitioner's general bank account. These proceeds were not loaned to petitioner (as petitioner contends in citing *Summit Coal Co.*, 18 B. T. A. 983) ; they were not merely deposited with petitioner for safekeeping; they were not security for the performance by the customer of any term of the contract; nor were they held by petitioner upon an express or resulting trust. The fact that petitioner has been on an accrual basis of accounting for many years, including the taxable years in question, is not controlling. *C. H. Mead Coal Co.*, 31 B. T. A. 190, 192; *E. B. Elliott Co.*, 45 B. T. A. 82. 86.

Since petitioner's method of accounting did not treat the proceeds received from the sale of these coupon books as income in their entirety in the taxable year in which they were received. it follows that petitioner's method of accounting did not clearly reflect its income and that, therefore, the respondent's determination must be sustained.

*Decision will be entered for the respondent.*