YOUR HEALTH CLUB, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3589.   Promulgated November 28, 1944.

*Sydney A. Gutkin, Esq.,* for the petitioner.
*Francis X. Gallagher, Esq.,* for the respondent.

386

OPINION.

ARUNDELL, *Judge*: The principal issue for decision concerns the correctness of respondent's action in including in petitioner's income for each of the taxable years involved the amounts carried on petitioner's books as "reserve for uncompleted contracts" and deferred to the following year.

The facts are briefly as follows: During the taxable years petitioner, which kept its books and filed its returns on an accrual basis of accounting, entered into contracts under which it agreed to perform certain services over the course of a year. The consideration for most of the contracts was received in cash. The consideration for the remaining contracts was accrued on petitioner's books as accounts receivable. The amounts paid in cash were deposited in petitioner's general account and were subject to no restrictions as to use or application. The amounts unpaid but accrued constituted accounts receivable as of the close of the taxable year, and were unqualifiedly due and payable. In these circumstances, all such amounts received or accrued must be considered income to petitioner in the year received or accrued. *Automobile Underwriters, Inc.*, 19 B. T. A. 1160; *Bradstreet Co. of Maine*, 23 B. T. A. 1093; reversed on other grounds, 65 Fed. (2d) 943; *Pioneer Automobile Service Co.*, 36 B. T. A. 213; *E. B. Elliott Co.*, 45 B. T. A. 82; *South Tacoma Motor Co.*, 3 T. C. 411. See *Clay Sewer Pipe Assn.* v. *Commissioner*, 139 Fed. (2d) 130, affirming 1 T. C. 529; *South Dade Farms, Inc.* v. *Commissioner*, 138 Fed. (2d) 818. See also *Brown* v. *Helvering*, 291 U. S. 193.

The rule and its underlying reason have been stated by the Supreme Court in *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, as follows:

The rationale of the system is this: "It is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation."

This legal principle has often been stated and applied. The uniform result has been denial both to government and to taxpayer of the privilege of allocating income or outgo to a year other than the year of actual receipt or payment, or, applying the accrual basis, the year in which the right to receive, or the obligation to pay, has become final and definite in amount.

Petitioner's position is mainly that the inclusion of these amounts in the income of the year in which they were received or accrued pro-

hibits a correlation of income and the expenses incident to the earning of that income. Substantially the same contention was made in *South Tacoma Motor Co., supra*, and rejected on the authority of *South Dade Farms, Inc.* v. *Commissioner, supra*. The reasoning of the latter case is completely applicable here.

It may be that this conclusion works hardships upon some taxpayers. Congress, recognizing this, has afforded a measure of alleviation in section 43 of the Internal Revenue Code, which provides, as an exception to the general rule contained therein, that deductions "paid or incurred," or "paid or accrued" may be taken in a period other than the taxable year in which paid, incurred, or accrued, if necessary in order clearly to reflect income. However, even were this a case within the scope of the remedial provisions of section 43 (cf. *Security Flour Mills Co.* v. *Commissioner, supra*), petitioner makes no claim under that provision; nor has it complied with the requirements of section 19.43–1 of Regulations 103,[1] implementing section 43 (*Cassatt* v. *Commissioner*, 137 Fed. (2d) 745, affirming 47 B. T. A. 400); and the amount of the expenses actually paid or incurred in the production of the income here involved is not made to appear in this record. Therefore, the determination of the Commissioner as to these items must be sustained.

The second question relates to the deductibility of rent in the amount of $4,250 in the fiscal year ended March 31, 1940. The facts show that petitioner had obligated itself to pay rental for that year in the amount of $4,250, but that a clause in the lease provided that petitioner might make certain improvements to the premises, the cost of which to the extent of $1,500 might be applied to the contractual rental. Petitioner expended $1,374.96 in making such improvements, applying this amount as a credit against the total rent due, and paid the lessor the difference, $2,875.04. The Commissioner determined that only the latter amount was deductible as rent and disallowed the deduction of the amount of $1,374.96, adding it to capital and making proper adjustment for amortization. Petitioner contends that the disallowed item was properly deductible as rent.

---

[1] Sec. 19.43–1. *"Paid or incurred" and "paid or accrued."*—* * *. The deductions and credits provided for in chapter 1 (other than the dividends paid credit provided in section 27) must be taken for the taxable year in which "paid or accrued" or "paid or incurred," unless in order clearly to reflect the income such deductions or credits should be taken as of a different period. If a taxpayer desires to claim a deduction or a credit as of a period other than the period in which it was "paid or accrued" or "paid or incurred," he shall attach to his return a statement setting forth his request for consideration of the case by the Commissioner together with a complete statement of the facts upon which he relies. However, in his income tax return he shall take the deduction or credit only for the taxable period in which it was actually "paid or incurred," or "paid or accrued," as the case may be. Upon the audit of the return, the Commissioner will decide whether the case is within the exception provided by the Internal Revenue Code, and the taxpayer will be advised as to the period for which the deduction or credit is properly allowable.

Petitioner does not question the general rule that the cost borne by a lessee in making permanent improvements upon leased property is a capital expenditure, but contends that the outlay in this instance was no more than an indirect payment of a part of the stipulated rental, inasmuch as it was agreed that the cost of the improvements should be applied as a credit against the rent for the current year. This appears to us to be a correct interpretation of the facts. Actually, petitioner paid nothing for the improvements; the cost thereof was borne by the lessor through the credit applied against the agreed rental. Consequently, petitioner has no capital investment to amortize or depreciate. The transaction is no different than if the lessor had paid directly for the improvements and the lessee directly paid the full agreed rent. On this issue, therefore, we hold that the determination of the Commissioner was erroneous.

*Decision will be entered under Rule 50.*