NATIONAL AIRLINES, INCORPORATED, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12408.   Promulgated July 31, 1947.

*John H. Wahl, Jr., Esq.*, for the petitioner.
*Bernard D. Hathcock, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: The question for decision is essentially whether respondent abused his discretion in refusing petitioner's request to change its accounting method for tax purposes. Section 41 of the Internal Revenue Code [1] vests respondent with discretion in prescribing or approving accounting methods for tax purposes. Prior to the fiscal year ended June 30, 1944, petitioner had reported on a receipts basis in so far as ticket sales were concerned. After being directed by CAB to keep its books differently, petitioner requested respondent to permit it to report its income according to the method prescribed by CAB. Respondent refused. Was this an abuse of his discretion? We think not.

Petitioner, in effect, claims that, because the income reported under the accounting method required by respondent embraces unearned income and also embraces receipts which may subsequently be subject to refund, respondent's method fails properly to reflect income. Without the necessity for elaborate discussion, we think these contentions have been answered previously by such cases as *Brown* v. *Helvering*, 291 U. S. 193; *South Tacoma Motor Co.*, 3 T. C. 411; and *Your Health Club, Inc.*, 4 T. C. 385. Since, on the basis of the cited cases, the system of accounting on which respondent insists does not fail properly to reflect income, we can find no grounds on which to base a charge of abused discretion in his refusal to permit the adoption of some different method. Petitioner, in effect, is requesting us to substitute our judgment for respondent's in selecting one of two methods of accounting. This we refuse to do in the absence of any abuse. As was said in *Brown* v. *Helvering*, *supra*, "It is not the province of the court to weigh and determine the relative merits of systems of accounting."

---

[1] SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

That a taxpayer may be required to account one way for one government agency and another way for a different government agency may well be a hardship, and we have no doubt it is, but we are certain that the remedy does not lie with us as a judicial byproduct of a tax determination. We are here concerned only with whether respondent abused his discretion. For the reasons stated in the cases cited, we are satisfied there is no justification for our interference with respondent's exercise of his administrative discretion. We hold, therefore, that respondent's refusal to allow a deferment of the income here in question must be sustained.

*Decision will be entered for the respondent.*