CAPITAL WAREHOUSE CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12178. Promulgated November 24, 1947.

*J. S. Delehanty, Esq.*, and *Dennis D. Daly, Esq.*, for the petitioner.
*T. A. Steele, Jr., Esq.*, for the respondent.

OPINION.

HARLAN, *Judge*: The sole issue for decision concerns the correctness of the respondent's determination that the petitioner may not exclude from its income for the taxable years the amounts transferred to its "Reserve for Handling Out" account.

Section 41 of the Internal Revenue Code provides that net income shall be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income.

In *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, the Supreme Court said:

The rationale of the system is this: "It is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation."

This legal principle has often been stated and applied. The uniform result has been denial both to government and to taxpayer of the privilege of allocating income or outgo to a year other than the year of actual receipt or payment, or, applying the accrual basis, the year in which the right to receive, or the obligation to pay, has become final and definite in amount.

The petitioner keeps its books on the accrual basis. It contends that it should be permitted to defer the inclusion of that part of its handling revenue transferred to its reserve for handling out in each of the taxable years because the amounts so transferred represented a definite and fixed liability to its depositors, or customers, to remove the goods from the warehouse in a subsequent year at no additional cost to such depositors. The only case cited in support of this contention is a memorandum decision of this Court wherein we held that a taxpayer on the accrual basis which, pursuant to a procedure long established and unquestioned, had deducted from gross income as an expense the actual calculated cost of labor to be performed, might continue to take such a deduction in the taxable year involved. Here we have no question of a deduction from gross income in conformity with a long established practice. Our question is whether a corporation during the first two

years of its existence may exclude from its income a substantial portion of its gross handling revenue for each of those years.

Cases in which taxpayers on the accrual basis have attempted to defer the reporting of income until a year subsequent to that in which the right to receive it became definite and certain are quite numerous and the facts of some of those cases, hereinafter mentioned, do not differ materially from those here involved.

In *Your Health Club, Inc.*, 4 T. C. 385, the taxpayer on the accrual basis received cash and accrued amounts within the taxable years under contracts obligating it to perform services extending beyond the taxable year. This Court held that the entire amount constituted income in the year when received or accrued, notwithstanding the fact that a part of the income was earned in the following year.

In *South Tacoma Motor Co.*, 3 T. C. 411, a taxpayer on the accrual basis attempted to defer certain amounts received from the sale of coupon books which entitled the purchaser thereof to services which might be called for and performed after the year of sale, and reported as gross income only that part of the proceeds allocable to the services it performed during the taxable year. The taxpayer justified its deferment of income by contending that "the nature of the contract is such that petitioner will have to perform many of the services required by the contract subsequent to the taxable year in which the coupon book was sold." This Court held that the entire amount received from the sale of the coupon books was income for the taxable year in which received.

In *South Dade Farms, Inc.*, 138 Fed. (2d) 818, a taxpayer on the accrual basis collected $18,911.76 in cash as advance payments of rentals of farm lands for the next crop year. It credited this sum to an account styled "deposits for future rent," and when leases were signed in the succeeding fiscal year the sum was credited to "rental income." The taxpayer contended that its method of bookkeeping, in that it accounted for income in the fiscal year it was actually earned and deducted therefrom such expenses as were incurred in the earning thereof, reflected its actual net earnings more clearly than would any other method. The Circuit Court for the Fifth Circuit said:

> The difficulty of this position is that section 41, *supra*, required that the method of accounting should clearly reflect income, not net earnings. In *Brown v. Helvering* [291 U. S. 193], where the taxpayer was on the accrual basis, it was held that money received without restriction upon its use and disposition by the recipient was income in the year received, even though it was received before it was earned and some portion of it might have to be refunded in the future.
>
> Since the advance rentals were income when received in the fiscal year ending in June, 1937, and since the taxpayer's bookkeeping method for reporting income did not take cognizance thereof, it is apparent that the method of accounting of the taxpayer did not clearly reflect its income. The Tax Court so held, and its decision is affirmed.

The Sixth Circuit Court of Appeals in *Schram* v. *United States*, 118 Fed. (2d) 541, discussed the prerogatives of the respondent under section 41 of the code in the following terms:

\* \* \* This is an administrative problem left by the statute to be determined "in the opinion of the Commissioner." *Lucas* v. *Structural Steel Co.*, 281 U. S. 264, 50 S. Ct. 263, 74 L. Ed. 848. That official has a broad administrative discretion in determining the question and it is beyond the power of the courts to overturn his decision unless the evidence clearly shows that he has abused his discretion. The taxpayer has failed to carry the burden of showing that the Commissioner acted arbitrarily upon any fair view of the facts. See *Williamsport Wire Rope Co.* v. *United States*, 277 U. S. 551, 562; 48 S. Ct. 587, 72 L. Ed. 985; *Heiner* v. *Diamond Alkali Co.*, 288 U. S. 502, 507, 53 S. Ct. 413, 77 L. Ed. 921; *Wells* v. *Moore*, 6 Cir., 94 F. 2d. 108, 111.

Upon the authority of these cases, we hold that the respondent correctly determined that the amounts of petitioner's handling revenue which it set aside in its "Reserve for Handling Out" account during the taxable years must be treated as part of its gross income for those years.

*Decision will be entered under Rule 50.*