BOOTH NEWSPAPERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22806.   Promulgated September 17, 1951.

*Clarence A. Bradford, Esq.*, for the petitioner.
*Philip J. Wolf, Esq.*, for the respondent.

**OPINION.**

ARUNDELL, *Judge:* The respondent has included in the petitioner's income for each of the taxable years an amount equal to the increase in the "Paid in Advance Subscriptions" account over the sum shown in such account at the close of the preceding year. The account was a liability account, and the annual increase in such account was deducted on the petitioner's returns in calculating the amount of its gross receipts.

The petitioner resists the restoration to income of the amounts excluded on account of subscriptions paid in advance on two principal grounds. First, conceding that its method of accounting is a "hybrid" system, it argues that such method is not objectionable. Second, in view of its consistent use of the same method over a long period of years, with the respondent's knowledge thereof, the respondent may not now change such method. Interwoven with both branches of the argument is the contention that the petitioner's method of accounting clearly reflected income.

The respondent's position is that under the "claim of right" theory the amount paid in each year for subscriptions must be reported in the full amount received, even though some part might later have to be refunded. He also argues that Internal Revenue Code sections 41 and 42 require the inclusion in income of the full amount of the subscription price in the year received.

The respondent must be sustained. The amounts paid by subscribers were obviously income in some year and the petitioner does not contend otherwise. The amounts so paid were received by the petitioner without restriction as to their use. The petitioner was not required by the terms of the subscriptions to segregate the moneys paid by the subscribers or to devote them to any particular use. Under such circumstances, the claim of right theory requires that the advance subscription payments be treated as income in the year of receipt. The Supreme Court has so held over a long period of time beginning with its decision in 1932 in the case of *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417. In that case the Court said:

If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent.

In the recent case of *United States* v. *Lewis*, 340 U. S. 590, the Court repeated the language above quoted and took pains to point out that the "claim of right" doctrine has not been impaired by cases decided since the *North American Oil Consolidated* case.

It is further our opinion that the provisions of the Internal Revenue Code sustain the action of the respondent. Section 42 requires that all items of gross income shall be included for the taxable year in which received unless under methods of accounting permitted by section 41 such amounts are to be properly accounted for as of a different period. The basic requirements of section 41 are that net income is to be computed on "the basis of the taxpayer's annual accounting period" and "in accordance with the method of accounting regularly employed in keeping the books * * *". An exception to these requirements is that if the bookkeeping method employed does

not clearly reflect income, the income shall be computed in accordance with such method as in the opinion of the Commissioner does clearly reflect the income.

As the petitioner's accounts were kept on the cash basis, section 42 requires that it should account for all items of gross income in the "year in which received." Section 41 in such a situation does not engraft on section 42 any permissible exception.

The petitioner says that a "hybrid system" such as used by it has not been found objectionable by the respondent or by the courts. We do not so read the rulings and decisions. A ruling by the respondent, I. T. 3369, 1940-1 C. B. 46, which permitted a spread of both prepaid subscriptions and expenses in connection therewith, was issued with respect to a taxpayer on the accrual basis. In the case of *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, the Supreme Court definitely disapproved of "a divided and inconsistent method of accounting not properly to be denominated either a cash or an accrual system." And in *Hygienic Products Co.* v. *Commissioner*, 111 F. 2d 330, affirming 37 B. T. A. 202, the court said:

Petitioner characterizes its system of accounting as "hybrid." No such system, however, is recognized by the Act; unless the system conforms to one method, it does not reflect income in accordance with the Act, and the Commissioner is empowered to make such corrections as are necessary to make the return accurately reflect income. * * *

We have examined the cases cited by the petitioner, and they involve different factual situations and different questions. The petitioner relies strongly on a Memorandum Opinion in which we allowed a warehouse company on the accrual basis to accrue and deduct handling out charges in advance of the actual handling out of the goods and payment of the costs thereof. A later case, *Capital Warehouse Co.*, 9 T. C. 966, is more nearly in point on the facts and as to the question involved. In the latter case, the taxpayer excluded from gross income a portion of its receipts, which portion it carried as a balance sheet item, as the cost of removing goods from its warehouse at the end of the storage period. On authority of *Security Flour Mills Co.* v. *Commissioner*, *supra*, and others involving the attempted deferring of realized income, we held that the entire amounts received for handling storage goods were includible in gross income and that the taxpayer could not exclude costs to be incurred at some future time for taking goods out of storage. Our decision in that case was affirmed at 171 F. 2d 395.

The fact that the petitioner has excluded prepaid subscriptions from income in prior years, and that the respondent was aware of such exclusion, does not estop the respondent from making a correct determination in the taxable years. *Reynard Corporation*, 30 B. T. A. 451.

It may not be amiss to point out that under the respondent's determination there is no duplication of income. The petitioner for the year 1942 included in gross receipts the sum of $80,488.48 that it had received in 1941 for prepaid subscriptions. The respondent added to income for 1942 the sum of $28,167.61, the effect of which was to take out of 1942 income the $80,488.48 included therein by the petitioner, and to substitute therefor the sum of $108,656.09 actually received in 1942 on account of prepaid subscriptions. The same procedure was followed with respect to 1943 and 1944.

The respondent is sustained as to the prepaid subscription issue which is the only issue for decision. Because of the respondent's concession as to the bad debt deduction,

*Decision will be entered under Rule 50.*