OPINION. Rice, Judge: It has long been recognized that a taxpayer who keeps his books and reports his income on the accrual basis is subject to tax liability when the right to receive income becomes fixed. Spring City Foundry Co. v. Commissioner, 292 U. S. 182 (1934). The Court said in North American Oil Consolidated v. Burnet, 286 U. S. 417, 424 (1932): If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent. * * * We have found, from the facts before us, that the deposits were income to the petitioner when he received them. This is true even though he might be required to refund part or all he' had received. There was no restriction as to the disposition which he could make of deposits once received; and he, in fact, mingled them with other funds in a common bank account and spent them as he chose. North American Oil Consolidated v. Burnet, supra. Petitioner has attempted to distinguish such cases as Your Health Club, Inc., 4 T. C. 385 (1944); South Tacoma Motor Co., 3 T. C. 411 (1944); and S. B. Heininger, 47 B. T. A. 95 (1942), reversed on other grounds 133 F. 2d 567 (C. A. 7, 1943), affd. 320 U. S. 467 (1943). Those cases, and United States v. Lewis, 340 U. S. 590 (1951), and Harbor Plywood Corporation, 14 T. C. 158 (1950), affd. 187 F. 2d 734 (C. A. 9, 1951), are not sufficiently distinguishable on their facts to justify our holding that the possibility of refunds of deposits was anything other than a contingent liability, which had no bearing on petitioner’s right to the deposits when received. Veenstra & DeHaan Coal Co., 11 T. C. 964 (1948), upon which petitioner so heavily relies, is distinguishable from the case before us and those we have cited above, because in that case there was an execu-tory contract and not a transaction that was subject only to some future contingent liability. Pursuant to respondent’s concession, the deficiences will be recomputed, talcing into account the amount of deposits which petitioner held on December 31, 1947, in the amount of $13,907.02, and Decision will be entered wnder Rule 50.