**CUBA RAILROAD COMPANY,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

United States District Court
S. D. New York.

July 14, 1954.

Kramer, Marx, Greenlee & Backus, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, for defendant.

NOONAN, District Judge.

The defendant in this proceeding has moved pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for summary judgment dismissing the complaint, or pursuant to Rule 12 (b) for an order dismissing the complaint on the ground that the complaint fails to state a claim upon which relief can be granted; the plaintiff has cross-moved for summary judgment in its favor.

Since none of the material facts are in dispute, the case is one well-suited to summary judgment.

The defendant bases its motion on two theories: one, that the plaintiff is barred by its signing of a Treasury Department Form 870–TS; the other, that the plaintiff is barred by a rule known as the "contested tax rule". If these two affirmative defenses fail, summary judgment for the plaintiff is proper. Therefore, the merits of these defenses are the sole issues before the court.

The form 870–TS is entitled "Offer of Waiver of Restrictions on Assessments and Collection of Deficiency in Tax". It differs from Form 870, which is entitled "Waiver * * *" (rather than "Offer of Waiver * * *") in that the former is an offer which must be accepted by the Treasury Department, while the latter is a simple waiver. Both forms contain the notification that the signing of the form " * * * is not, however, a final closing agreement under section 3760 of the Internal Revenue Code * * *" and " * * * does not extend the statutory period of limitation for refund, assessment, or collection of the tax."

In addition to this wording Form 870–TS omits certain other wording included in Form 870, to wit: that the form "does not preclude the assertion of a further deficiency in the manner provided by law should it subsequently be determined that additional tax is due."

Form 870–TS also contains other statements not included in Form 870. After notice that the offer is subject to acceptance by or on behalf of the Commissioner, and is of no effect unless so accepted, it goes on to provide that, if accepted: " * * * the case shall not be reopened nor shall any claim for refund be filed or prosecuted respecting the taxes for the year(s) above stated, in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, or of an important mistake in mathematical calculations; and the taxpayer also agrees * * * (2) upon request of the Commissioner to execute at any time a final closing agreement as to the tax liability, on the foregoing basis, for said year(s) under the provisions of section 3760 of

the Internal Revenue Code [26 U.S.C.A. § 3760]."

The taxpayer executed a Form 870–TS, the offer was accepted on behalf of the Commissioner by the head of a division, and the plaintiff has introduced no allegation of fraud, malfeasance, concealment or misrepresentation of any material fact, or of any important mistake in mathematical calculations.

Accordingly, if the agreement means what it says, the taxpayer has waived restrictions under section 272(a) and has agreed to pay the tax set out in the offer and not to reopen the case nor apply for a refund for that year. But the taxpayer is not applying for relief under section 272(a), which has to do with petitioning the Board of Tax Appeals (or, now, appealing to the Tax Court). He does, however seek a refund for that year.

The government concedes that the signing of Form 870 would not prevent the bringing of this suit, but it claims that the Form 870–TS is more binding in that respect, and does preclude the suit. Certainly the wording does seem designed to create a binding agreement; but whether the agreement amounts to a "closing agreement" is the real issue. On the surface, it does not. In fact, it specifically says that it is not a final closing agreement "under section 3760".

Turning to that section of the Internal Revenue Code, we note that the agreement pursuant to that section finally and conclusively disposes of the matter unless the party seeking to reopen it can show:

1. fraud,
2. malfeasance, or
3. misrepresentation of a material fact.

Comparing these provisions that allow reopening of the case with those allowed by Form 870–TS, we note that the latter allows the matter to be reopened for the above three reasons and also for:

1. concealment of a material fact, or
2. an important mistake in mathematical calculations.

It might well be argued that concealment amounts to misrepresentation and, therefore, is not an additional ground for reopening, but the important mistake in mathematical calculations is clearly a separate ground, and serves to distinguish the two agreements.

Of all of the cases to which we have been referred, and among all the fine distinctions of form provided by the various Treasury Department forms and their various insertions and stricken portions, the form of waiver involved in the instant case most clearly resembles that involved in the case of Guggenheim v. U. S., 77 F.Supp. 186, 111 Ct.Cl. 165, certiorari denied 335 U.S. 908, 69 S.Ct. 411, 93 L.Ed. 441, rehearing denied 336 U.S. 911, 69 S.Ct. 513, 93 L.Ed. 1075. That case held the taxpayer bound by the agreement; but, as it has subsequently been interpreted, Steiden Stores v. Glenn, D.C., 94 F.Supp. 712; W. J. Voit Rubber Corp. v. U. S., D.C., 110 F. Supp. 277, the reason for holding the taxpayer bound was estoppel. Otherwise, the agreement would not have bound the government, because the agreement was not accepted for the government by the Secretary, Under Secretary or Assistant Secretary of the Treasury Department as required by law. I.R.C. § 3760.

Therefore, the next point to determine is the presence or absence of facts calling for the operation of estoppel.

We do not believe that the plaintiff is estopped from bringing this action on any equitable grounds. The government will not be precluded from asserting any claims it may have waived by accepting the offer incorporated in the Form 870–TS. The government may assert its claims by way of set-off even though they would otherwise be outlawed by the statute of limitations. Bank of New York v. U. S., 3 Cir., 170 F.2d 20. The execution of the Form 870–TS is, in these respects, a nullity.

The taxpayer should not equitably be held to have waived a right he did not have at the time he signed the waiver unless such intent is unmistakable. The facts on which the claim for refund is

based were not in existence at the time of the signing of the waiver.

 If the execution of Form 870–TS is ignored by the courts as a bar to suits for refunds, the fault does not lie with the courts, but rather with the Treasury Department for failing to comply with statutory requirements set out in the Internal Revenue Code, or with Congress for setting forth the requirements that are stated in that Code.

Turning now to the second ground urged by the defendant, we find the argument that the amount of the Cuban tax deficiency having been contested, the amount actually paid on settlement of the claim should not be considered as a credit for the year in which it accrued, but rather should only be asserted for the year in which it was paid. This theory is known as the "contested tax" doctrine, and we do not believe that it should apply to this case.

Section 131 of the Internal Revenue Code, 26 U.S.C.A. § 131, under the heading of "Supplement C—Credits against Tax" is entitled "Taxes of foreign countries and possessions of United States". The plaintiff brings its claim under section 131(c) entitled "Adjustments on payment of accrued taxes". This subsection (c) is modified by the next subsection, (d), entitled "Year in which credit taken", which includes the following language:

"The credits provided for in this section may * * * be taken in the year in which the taxes of the foreign country * * * accrued * * *."

That language is clear and unambiguous. Further, it is supported by case law. Russell-Miller Milling Co. v. Helvering, 63 App.D.C. 74, 69 F.2d 392; Hygienic Products Co. v. Com'r, 6 Cir., 111 F.2d 330, certiorari denied 311 U.S. 665, 61 S.Ct. 22, 85 L.Ed. 426; Hecla Mining Co. v. Com'r, 35 B.T.A. 454.

We therefore conclude that this defense too must fail.

In summary, this court finds that:

1. The execution of Form 870–TS by the taxpayer, and its acceptance by the head of a division does not, per se, preclude the taxpayer's right to seek a refund in this court.

2. There are no valid grounds in this case for the agreement to become binding by the action of the doctrine of equitable estoppel.

3. The defendant has the right to plead a set-off if it has any valid claim for one.

4. The plaintiff may, under section 131 of the Internal Revenue Code, claim a refund for the additional taxes paid to Cuba in 1950 for the year ending June 30, 1943.

The defendant's motions to dismiss and for summary judgment are denied; the plaintiff's motion for summary judgment is granted, subject to the pleading by defendant of any set-off it may have against the plaintiff.

Settle an order allowing the defendant time to plead a set-off of any claim it may have against the plaintiff.