Wilson Chemical Co., Inc. v. Commissioner.
Wilson Chemical Co. v. Commissioner
Docket No. 4801-68,
United States Tax Court
T.C. Memo 1970-4; 1970 Tax Ct. Memo LEXIS 354; 29 T.C.M. (CCH) 5; T.C.M. (RIA) 70004; January 7, 1970, Filed. Alphonsus R. Romeika, 215 S. Broad St., Philadelphia, Pa., for thepetitioner. Joseph M. Abele for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency *355 of $6,115.52 in petitioner's Federal income tax for the taxable year 1963. The only issue for decision is whether petitioner understated its gross receipts in the amount of $41,517.89 for the year 1963. Findings of Fact Some of the facts are stipulated and are found accordingly. Wilson Chemical Co., Inc. (herein called petitioner), is a corporation with its principal place of business at Tyrone, Pennsylvania. Petitioner filed its Federal corporation income tax returns for the taxable years 1959, 1961 and 1962 with the district director of internal revenue at Philadelphia, Pennsylvania, and for the taxable years 1960 and 1963 with the district director of internal revenue at Pittsburgh. Petitioner was a holding company which owned real estate, machinery and buildings. It received rent for the use of these assets from the operating partnership, Wilson Chemical Co. Petitioner also purchased some raw materials for the operating partnership. Petitioner kept its books and records on an accrual method of accounting. Petitioner employed Malcolm Marryat, a certified public accountant and petitioner's auditor, to prepare its financial statements upon an accrual basis. The amounts *356 reported as gross receipts on petitioner's Federal income tax returns for the taxable years 1959 through 1962 equal the sales reflected in petitioner's cash receipts journal for those years with the exception of the year 1961. The gross receipts reflected on petitioner's Federal income tax returns for the taxable years 1959, 1960, 1961 and 1962 are the amounts of $39,950, $48,100, $56,026.28 and $15,105. The sales recorded in its cash receipts journal for the taxable year 1959 are $39,950. The sales recorded in petitioner's cash receipts journal are $48,100 in the year 1960, $54,520 in the year 1961 and $15,105 in the year 1962. Petitioner reported gross receipts of $130,633.63 on its income tax return for the taxable year 1963 on an accrual method of accounting. The gross receipts per return of $130,633.63 were comprised of gross cash receipts of $54,367.05, a nonexistent inventory of $117,784.47, a journal entry decreasing sales by $46,020.04, and an entry increasing sales by $4,502.15. There was no tax effect to the inclusion of the nonexistent inventory of $117,784.47 in gross receipts since the same amount was included in cost of goods sold. The amount of $117,784.47 was added *357 to gross receipts and cost of goods sold in order to get the nonexistent inventory amount off petitioner's balance sheet. Petitioner did not have any actual inventory in the year 1963 and had not had any since at least 1957. Petitioner sent any purchases of material directly to the manufacturing partnership, and it did not carry an inventory. The only reason petitioner received the purchases for the partnership was that the purchases were made on petitioner's credit. Petitioner's income tax return for the year 1963 reflects no ending inventory. Petitioner had gross cash receipts of $54,367.05 in the taxable year 1963. The entry which decreased gross receipts by $46,020.04 is the amount of the difference in the accounts receivable account balances of $147,230.59 at December 31, 1962, and $101,210.55 at December 31, 1963. Petitioner increased gross receipts by $4,502.15 in the year 1963 for sales to Cloverine, Inc. Although the reason for the adjustment for 6 $4,502.15 is not disclosed in the record, it is apparently an additional account receivable which existed on December 31, 1963. Thus, the difference in the accounts receivable account balances at the beginning and end *358 of the year 1963 may have been $4,502.15 less than $46,020.04, or $41,517.89. Schedule M of petitioner's income tax returns for the taxable years 1959 through 1962 reflect that petitioner reported on a cash receipts and disbursements method for those years. For example, the Schedule M on the 1959 income tax return reflects that earned surplus increased from $162,033.18 to $172,733.85, or $10,700.67. The taxable income of $4,832.94 accounted for part of the increase. The remainder or $5,867.73 was accounted for by the increase in sales accrued on petitioner's books from $14,547.89 to $20,415.62. Similarly, the income tax returns for the years 1960 through 1962 reflect that it is necessary to take accrued sales and taxable income into consideration in reconciling the surplus account for book purposes. There was no adjustment made in either Schedule M-1 or M-2 on petitioner's 1963 income tax return to reflect any change in the balance of accounts receivable account during the year 1963. Petitioner filed a Franchise-Loans Corporate Net Income Tax Report with the Commonwealth of Pennsylvania for the year 1962, which reflects that petitioner keeps its books on the accrual method of *359 accounting and that it reports on the cash receipts and disbursements method of accounting for income tax purposes. Petitioner changed its method of accounting for reporting Federal income tax purposes when it had reported gross receipts on the cash receipts and disbursements method of accounting prior to the year 1963 and reported on an accrual method in the year 1963. Petitioner did not request or receive respondent's consent to change its method of accounting for Federal income tax purposes for or during the year 1963. Petitioner has not shown and has made no attempt to show that $46,020.04 of accounts receivable which were collected in the year 1963 were reported in any prior year or years. In his notice of deficiency dated July 10, 1968, respondent determined that petitioner was on the cash receipts and disbursements method of accounting for income tax purposes and had understated gross income in the amount of $41,517.89 in the year 1963. Ultimate Findings 1. Petitioner has not shown that the cash receipts and disbursements method of accounting, which was required by respondent, fails to clearly reflect its taxable income. 2. Petitioner should have reported its *360 income and expenses for Federal income tax purposes on the cash receipts and disbursements method of accounting in the taxable year 1963. 3. Petitioner made incorrect accrual basis adjustments to gross receipts in the taxable year 1963 when it decreased gross receipts by $46,020.04 and increased gross receipts by $4,502.15. Opinion The evidence herein clearly establishes that petitioner used the cash receipts and disbursements method of accounting for reporting income and expenses on its Federal income tax returns for the years prior to 1963. The amounts reported as gross receipts on petitioner's Federal income tax returns for the taxable years 1959 through 1962 equal the sales reflected in petitioner's cash receipts journal for such years with the exception of the year 1961. The gross receipts reflected on petitioner's Federal income tax returns for the taxable years 1959, 1960, 1961 and 1962 are the amounts of $39,950, $48,100, $56,026.28 and $15,105. The sales recorded in its cash receipts journal total $39,950 for the year 1959, $48,100 in the year 1960, $54,520 in the year 1961, and $15,105 in the year 1962. The testimony of petitioner's accountant shows that the cash *361 receipts journals included cash receipts from sales in the current year and sales made in prior years. His testimony also shows that petitioner's books were kept and its financial statements were prepared on the accrual basis. The Schedule M adjustments reflect that petitioner reported its income on its Federal income tax return for the taxable year 1959 on the cash basis. Similarly, petitioner's Federal income tax returns for the taxable years 1960 through 1962 reflect that it is necessary to use taxable income and accrued sales to reconcile 7 earned surplus per books at the beginning of the year with earned surplus per books at the end of the year. In addition, petitioner stated on a tax return for the year 1962 filed with the Commonwealth of Pennsylvania that it kept its books on an accrual basis and that it reported its income and expenses on its Federal income tax returns on a cash basis. It is equally clear that petitioner reported its income on the accrual method of accounting in the year 1963. This is obvious from the fact that gross receipts and gross profit were reduced by $41,517.89, although the cash receipts were $54,367.05. The lack of an adjustment to Schedule *362 M shows that petitioner filed its 1963 Federal income tax return on an accrual basis. Section 446(a) [1] provides that, as a general rule, "taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books." An exception to this general rule, as provided in section 446(b), is that if the taxpayer's method "does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary or his delegate, does clearly reflect income." And, under section 446(e), a taxpayer is required to secure the consent of the Commissioner before changing the method of accounting upon which he regularly computes his taxable income. See also section 1.446-1(e)(2)(i), income Tax Regs. Specifically, a change from the cash receipts and disbursements method to an accrual method requires the Commissioner's consent. Section 1.446-1(e)(2)(ii), Income Tax Regs.
In this case the petitioner changed its method of accounting in the year 1963 by reporting a gross receipts amount *363 in that year which did not include all of its cash receipts in such year. Although petitioner was on a cash receipts and disbursements method of accounting for years prior to 1963, it deducted the decrease in accounts receivable between December 31, 1962 and December 31, 1963 in computing its gross income in 1963. In determining that petitioner should have used the cash receipts and disbursements method of reporting for income tax purposes in 1963, respondent increased petitioner's gross receipts by $41,517.89 in order to put petitioner's books on a cash receipts and disbursements method of accounting for that year. Petitioner has the burden of showing that the method of accounting required by respondent fails to clearly reflect its income. It has not carried this burden. Nor has petitioner shown that it requested permission to change its method of accounting and that respondent granted such a request. It is now settled law that a taxpayer has to obtain permission from respondent to change its method of accounting for Federal income tax purposes. See and compare Lucas v. American Code Co., 280 U.S. 445 (1930); Simon v. Commissioner 176 F. 2d 230 (C.A. 2, *364 1949), affirming a Memorandum Opinion of this Court; Arthur L. Kniffen, 39 T.C. 553, 566-567 (1962); St. Luke's Hospital, Inc., 35 T.C. 236, 247 (1960); and National Airlines, Inc.9 T.C. 159, 161 (1947). Respondent argues, and we agree, that it was not necessary for petitioner to be on an accrual method in 1963 because it did not carry an inventory. Cf. Michael Drazen, 34 T.C. 1070, 1079 (1960). We believe the importance of consistency herein is that $41,517.89 of cash received from sales made in prior years will never be taxed if petitioner's change of accounting is approved. Petitioner argues that it reports income on a hybrid method of accounting and that cash received in 1963 of $46,020.04 attributable to sales in prior years should not be reported as receipts in 1963. This is based on the assertion that inventory was included in gross receipts reported. We think the argument must be rejected for at least two reasons: (1) Petitioner did not include inventory in gross receipts before 1963; (2) the inclusion of a fictitious inventory amount in gross receipts was for bookkeeping purposes rather than a part of a method of accounting. *365 The amount of $117,784.47 was included in cost of goods sold as well as gross receipts to get a nonexistent inventory amount off petitioner's balance sheet. Accordingly, we hold that the petitioner has failed to establish error in respondent's determination. Decision will be entered for the respondent. 8 Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩