Raymond E. Sampson and Geneva Sampson v. Commissioner.
Sampson v. Commissioner
Docket No. 3874-69 SC.
United States Tax Court
T.C. Memo 1970-212; 1970 Tax Ct. Memo LEXIS 147; 29 T.C.M. (CCH) 927; T.C.M. (RIA) 70212; July 27, 1970, Filed *147 Raymond E. Sampson, pro se, 12,132 U.S. Route 42, Cincinnati, Ohio. Rudolf L. Jansen, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $152.70 in petitioners' income tax for 1967 for failure to substantiate the deduction of medical expenses and charitable contributions. Petitioners are husband and wife and had their legal residence in Cincinnati, Ohio, at the time of the filing of the petition herein. They filed a joint Federal income tax return for 1967 with the district director of internal revenue, Cincinnati, Ohio. That return claimed: (1) $186.00 as the total cost of medicines and drugs and a deduction therefor of $61.68, representing the excess of the claimed cost over one percent of petitioners' adjusted gross income, i.e., $124.32. (2) $423.04 as medical expenses for doctors, hospital service, and the like, and a deduction therefor of $111.76, representing the excess of the claimed expenses over three percent of adjusted gross income, i.e., $372.96. (3) $702.00 for charitable contributions, of which $52.00 was claimed as a biweekly contribution to the United Appeal and $650.00 *148 as cash contributions at the rate of $12.50 per week. At the trial, petitioners were unable to present any written evidence of payment of 928 the aforesaid amounts, with the exception of $173.04 in medical expenses represented by checks and which respondent conceded. Nor was petitioner Raymond E. Sampson, in response to questioning by the Court, able to name any persons to which such payments were made or to specify any individual amounts which went to make up the totals claimed beyond some $60 for vitamin pills and the alleged $2 biweekly payment to the United Appeal. Petitioners' entire case rests upon two grounds. First, they assert that, during the course of the audit of the return, a representative of respondent agreed to allow the claimed deduction. Even if we were satisfied that petitioners have proved the existence of such agreement (which we are not), it would not, in any event, be binding upon respondent. E. g., Botany Worsted Mills v. United States, 278 U.S. 282 (1929); Cleveland Trust Co. v. United States, 421 F. 2d 475 (C.A. 6, 1970), affirming 266 F. Supp. 824 (N.D. Ohio 1966); Country Gas Service, Inc. v. United States 405 F. 2d 147 *149 (C.A. 1, 1969); Earle C. Parks 33 T.C. 298, 302 (1959); George H. Baker, 24 T.C. 1021, 1024 (1955). Second, petitioners make the claim that deductions for the same items in larger amounts were allowed by respondent in prior years. From this they conclude that we should accept such allowances as proof of reasonableness and therefore of expenditure thereof by petitioners for 1967. But this is simply another way of saying respondent should be bound by his actions with respect to prior years. The cases clearly reject any such rule of law. E.g., Walker, v. Commissioner, 362 F. 2d 140 (C.A. 7, 1966), affirming two Memorandum Opinions of this Court; Booth Newspapers, Inc., 17 T.C. 294 (1951), affirmed per curiam, 201 F. 2d 55 (C.A. 6, 1952). Moreover, even if we assume that petitioners in fact expended the amounts claimed on returns for other years, [1] this would not constitute proof that expenditures were in fact made in the amounts set forth on the 1967 return. *150 The burden of proof was on petitioners. Rule 32, Tax Court Rules of Practice. Petitioner Raymond E. Sampson was the sole witness. After carefully evaluating his testimony, we remain unconvinced that petitioners expended any amounts for medical expenses and charitable contributions other than $173.04 for doctors, hospital service, and the like and possibly $60.00 for vitamins. [2] Neither of these amounts is sufficient to entitle petitioners to any deduction. Decision will be entered for the respondent. Footnotes
1. Petitioner testified as to amounts claimed as deductions in years both prior and subsequent to 1967, but offered no proof (other than some employer withholding statements indicating deductions withheld for contributions to the United Appeal in post-1967 years) that the expenditures were actually made.↩
2. We express no opinion as to whether vitamins purchased without a doctor's prescription constitute medical expenses. Cf. Marshall J. Hammons, a Memorandum Opinion of this Court dated Nov. 24, 1953; Rev. Rul. 55-261, 1955-1 C.B. 307↩.