**ELMWOOD CORPORATION v. UNITED STATES.**

No. 9076.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1939.

Lee. C. Bradley, Jr., of Birmingham, Ala., for appellant.

Courtney C. Hamilton, Sp. Asst. to Atty. Gen., and Jim C. Smith, U. S. Atty., of Birmingham, Ala.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The Elmwood Corporation brought suit under the provisions of 28 U.S.C.A. Sec. 41 (20) to recover income taxes paid by it for the tax years 1929 and 1930. This appeal is from a decree and judgment dismissing the petition of the taxpayer.

The material facts as shown by an agreed statement of the parties and findings by the District Judge are these: During 1929 and 1930, and for many years prior thereto, the Elmwood Corporation was engaged in the business of developing and selling cemetery lots. In most instances the sales were made under lease sale contracts under which the purchasers made down payments and gave notes for the unpaid portion of the purchase price.

The books of account of the corporation were kept on the accrual basis. The aggregate consideration agreed to be paid by purchasers of lots was set up on the books as accounts receivable at face value. The original income tax returns for the years 1927 through 1930 were filed on the accrual basis and income was computed in accordance with the method of accounting employed by the corporation. The plaintiff corporation made no attempt to change the method of returning its income until after the time for filing returns had expired. In 1932 the Elmwood Corporation filed amended income tax returns for 1929 and 1930 and sought to change the method employed by it in making the original returns. It contended that the accounts set up on its books were not worth face value as shown, and that for this reason it was entitled to the refunds sought by it.

The Revenue Act of 1928, c. 852, 45 Stat. 791, 805, Sec. 41, 26 U.S.C.A. § 41, provides that net income shall be computed upon the basis of the taxpayer's annual accounting period "in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; * * * or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income." Regulations promulgated under the Revenue Act of 1928 likewise require that the method of accounting "regularly employed" be used as the basis for computation. Treasury Regulations 74. The Commissioner, acting under the authority of the statute and regulations, properly accepted Elmwood's computation based upon its "regularly employed" method of accounting.

The taxpayer, having kept its books and returned its income on the accrual basis, could not, after the time for filing returns had expired, change from that basis to some other and thereby depart from the method it had consistently employed. To allow change at will from one method of accounting and computation to another would require recomputation and readjustment of tax liability, and would result in confusion, delay, and inconvenience, and "impose burdensome uncertainties upon the administration of the revenue laws. It would operate to enlarge the statutory period for filing returns * * *." Pacific National Co. v. Welch, 304 U.S. 191, 58 S. Ct. 857, 858, 82 L.Ed. 1282; Grant v. Rose, D.C., 24 F.2d 115; Rose v. Grant, 5 Cir., 39 F.2d 340.

The taxpayer was under no obligation to pay a tax on income it might never receive. North American Oil Consolidated v. Burnet, 286 U.S. 417, 423, 52 S.Ct. 613, 76 L.Ed. 1197; Commissioner v. Edwards Drilling Co., 5 Cir., 95 F.2d 719, 720. But having taken position and made an election it could not, after the time for filing returns had expired, change position in view of later experiences and demand tax recomputation on a new basis. Cf. Pacific National Co. v. Welch, 304 U.S. 191, 58 S. Ct. 857, 82 L.Ed. 1282; Peyton Du-Pont Se-

curities Co. v. Commissioner, 2 Cir., 66 F.2d 718, 722.

The judgment is affirmed.