**SOUTH DADE FARMS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 10746.

Circuit Court of Appeals, Fifth Circuit.

Nov. 16, 1943.

Douglas D. Felix, of Miami, Fla., for petitioner.

Bernard Chertcoff, Sewall Key, A. F. Prescott, and Muriel S. Paul, Sp. Assts. to Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON and HOLMES, Circuit Judges, and RUSSELL, District Judge.

HOLMES, Circuit Judge.

This is a petition for review of a decision of the Tax Court sustaining in part a deficiency assessment by the Commissioner with respect to the income and excess profits taxes of the petitioner for its fiscal year ending June 30, 1937.

Section 41 of the Revenue Act of 1936 provides that net income shall be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed in keeping the books of the taxpayer; but if the method employed does not clearly reflect income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income.[1] This statute defines the issue before us, for if the method of accounting regularly employed by the petitioner clearly reflected its income, it had no taxable net income for the tax year involved and the deficiency assessment was improper. If its method did not clearly reflect its income, the Commissioner was right in allocating to the taxpayer the method under which the deficiency was assessed.

Substantially all of the taxpayer's income was derived from the rental of farm lands owned by it in Florida. Its rental contracts were for a crop year, approximately from October to May; and its fiscal year for tax purposes was from July 1st to June 30th. Other than normal overhead, its principal business expense was for the maintenance and operation of an elaborate system of ditches, dams, locks, and pumps, by means of which the lands were protected against flood and drought.

During the tax year here involved the taxpayer collected $18,911.76 in cash as advance payments of rental for the next crop year. In accordance with its book-keeping practice, this sum was credited to an account styled "deposits for future rent", and when the leases were signed in the succeeding fiscal year the sum was credited to "rental income". Tax returns were made on the accrual basis, but the $18,911.76 was not reported as income until the fiscal year ending in June, 1938. Expenses incurred in the operation and maintenance of the drainage and irrigation system were allocated to the crop year in which the benefits of the expenses were realized, irrespective of the fiscal year in which the expenditures were made.

In all cases where advance rentals were paid but no lease subsequently was signed, the rent payments were refunded; but in all cases of advance rental payments the taxpayer had unfettered dominion and control over the use and disposition of the money. The taxpayer contends that its method of bookkeeping, in that it accounted for income in the fiscal year it was actually earned and deducted therefrom such expenses as were incurred in the earning thereof, reflected its actual net earnings more clearly than would any other method.

The difficulty of this position is that Section 41, supra, required that the method of accounting should clearly reflect income, not net earnings. In Brown v. Helvering, where the taxpayer was on the accrual basis, it was held that money received without restriction upon its use and disposition by the recipient was income in the year received, even though it was received before it was earned and some portion of it might have to be refunded in the future.[2]

Since the advance rentals were income when received in the fiscal year ending in June, 1937, and since the taxpayer's bookkeeping method for reporting income did not take cognizance thereof, it is apparent that the method of accounting of the taxpayer did not clearly reflect its income. The Tax Court so held, and its decision is affirmed.

[1] 26 U.S.C.A. Int.Rev.Code, § 41.

[2] 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725. Cf. American National Co. v. United States, 274 U.S. 99, 47 S.Ct. 520, 71 L.Ed. 946; North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197; Astor Holding Co. v. Commissioner, 5 Cir., 135 F.2d 47.