THE BEACON PUBLISHING COMPANY, A KANSAS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39441. Promulgated January 26, 1954.

*Nathan R. Kobey, Esq.*, and *Robert S. Mitchell, Esq.*, for the petitioner.

*Lyman G. Friedman, Esq.*, for the respondent.

612

JOHNSON, *Judge:* Concessions made by the petitioner leave at issue the single question involving the prepaid subscriptions, the amount of which is not in controversy. The difference between the parties is whether it is taxable in the year of receipt, as determined by the respondent, or whether the amount should be deferred for taxation in the unexpired periods of the subscriptions. Respondent's theory is that the so-called "claim of right" doctrine applies, whereas petitioner says that under the accrual method of accounting maintained by it, the amount does not constitute taxable income until earned in subsequent years. Thus the real controversy is the period of taxation of the income.

Section 42 of the Code provides that gross income shall be reported in the year of receipt, "unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period." Section 41 provides, in part:

The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but, * * * if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

Until 1943 petitioner, as a part of its system of accounting and filing returns on an accrual basis, treated prepaid subscriptions as taxable income in the year of receipt of the payments. Respondent's action conforms with that consistent method. Petitioner says that deferment of the amount applicable to unexpired subscriptions is consistent with an accrual method of accounting and clearly reflects income. It argues that the action of respondent, if approved, would compel it to keep its books of account and report income on a hybrid basis, thereby distorting income.

The effect of the action of respondent in including the subscriptions in income of the year of their receipt, in accordance with petitioner's consistent practice for many years prior to 1943, was that the changed method put into effect by the petitioner in that year without his consent did not clearly reflect income. Respondent's determination has a presumption of correctness and petitioner had the burden of proving error, i. e., that respondent's method does not "clearly reflect income." *Schram* v. *United States*, 118 F. 2d 541; *Murtha & Schmohl Co.*, 17 B. T. A. 442; *Leo M. Klein*, 20 B. T. A. 1057; *Permanent Homes Land Co.*, 27 B. T. A. 142.

Consistency is required regardless of the system of accounting adopted to account for income. *United States* v. *Mitchell*, 271 U. S. 9; *Cecil* v. *Commissioner*, 100 F. 2d 896. The change made in the treat-

ment of prepaid subscriptions for taxation was a change in petitioner's method of accounting. Sec. 29.41–2, Regs. 111. The respondent may reject a proposed change, as here, without prior approval and provision for adjustments. *The Clendening Co.*, 1 B. T. A. 622; *Claude Patterson Noble*, 7 T. C. 960; *Elmwood Corporation* v. *United States*, 107 F. 2d 111; *United States Industrial Alcohol Co.* v. *Helvering*, 137 F. 2d 511; *Brown* v. *Helvering*, 291 U. S. 193, in which the Court said:

In assessing the deficiencies, the Commissioner required in effect that the taxpayer continue to follow the method of accounting which had been in use prior to the change made in 1923. To so require was within his administrative discretion. * * *

The Commissioner was of opinion that the method of accounting consistently applied prior to 1923 accurately reflected the income. He was vested with a wide discretion in deciding whether to permit or to forbid a change. Compare *Bent* v. *Com'r. Int. Rev.* (C. C. A.) 56 F. (2d) 99. It is not the province of the court to weigh and determine the relative merits of systems of accounting. *Lucas* v. *American Code Co.*, 280 U. S. 445, 449, 50 S. Ct. 202, 74 L. Ed. 538.

In *Schram* v. *United States, supra,* the court said that the administrative power to determine whether the system employed clearly reflects income should not be disturbed "unless the evidence shows that he has abused his discretion." There was no abuse of discretion under the facts here.

One of the basic principles of Federal income taxation is that there must be an annual accounting of income. It was held in *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417, 424, that:

If a taxpayer received earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent. * * *

The doctrine there announced "is now deeply rooted in the federal tax system." *United States* v. *Lewis*, 340 U. S. 590. *Healy* v. *Commissioner*, 345 U. S. 278.

Concerning cases cited by respondent in which the theory was applied, petitioner says that they relate to advance rentals and service contracts and are not controlling in a proceeding involving production of goods. The doctrine was applied in *Booth Newspapers, Inc.*, 17 T. C. 294, affd. 201 F. 2d 55, in holding that it required the taxpayer therein, which accounted for income by the cash method, to include prepaid subscriptions for a daily newspaper published by it in income in the year of receipt without deferring, as is being sought here, any part thereof to future years. The same conclusion was reached in G. C. M. 20021, 1938–1 C. B. 157, involving prepaid subscriptions of a newspaper keeping its books on an accrual basis. A later ruling, I. T. 3369, 1940–1 C. B. 46, recognizes either method, if it has been followed consistently in prior years, but if the deferred

method has been used, expenses applicable to obtaining the subscriptions or to the subscriptions themselves must be allocated over the subscription periods. No proof was made here of such expenses.

If it could be said that the issue, as framed by the pleadings and presented at the hearing, involved sales of a commodity, rather than proper accounting practice for income tax purposes, the record made contains no evidence to grant the relief claimed by petitioner. Gain or loss recognized in a sale is, in general, the difference between the amount realized and the adjusted basis for the property. Secs. 111, 112, 113, I. R. C. No effort was made to establish an adjusted basis for the subscriptions and, absent proof of some offsetting figures, we would be compelled to treat the full amount realized as taxable income. It is evident that petitioner has never treated the subscription payments as amounts realized from sales of a commodity.

Testimony of accountants was offered by petitioner to establish that under the accrual system the prepaid subscriptions should be deferred as income until earned by delivery of the newspapers. Such an accounting procedure might be regarded by a business establishment as desirable to reflect earnings for a particular purpose, or be in accord with theories of accountants to reflect earnings, but the test of such methods is whether they clearly reflect income for purposes of taxation. *Weiss* v. *Wiener*, 279 U. S. 333; *Old Colony Railroad Co.* v. *Commissioner*, 284 U. S. 552; *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182.

In *South Dade Farms, Inc.* v. *Commissioner*, 138 F. 2d 818, prepaid rentals were received for a crop year after the tax period. The amount was deferred on the books, kept on an accrual basis, until a lease was signed in the succeeding year, when the amount was credited to rental income for reflection in income for that year. Refunds were made if no lease was executed. Expenses for operation of the drainage and irrigation system on the land were allocated to the crop year in which the benefits of the expenditures were realized, regardless of the tax period in which they were made. As to the contention of the lessor that its method of accounting reflected its actual earnings more clearly than would any other method, the court said:

The difficulty of this position is that Section 41, supra, required that the method of accounting should clearly reflect income, not net earnings. In *Brown* v. *Helvering* [291 U. S. 193], where the taxpayer was on the accrual basis, it was held that money received without restriction upon its use and disposition by the recipient was income in the year received, even though it was received before it was earned and some portion of it might have to be refunded in the future.

The charges involved in *Capital Warehouse Co.*, 9 T. C. 966, affd. 171 F. 2d 395, were not net figures because of expenses to be incurred

in the subsequent years, yet the "claim of right" doctrine was applied to tax the receipts on an accrual basis of accounting. The membership dues collected in *Automobile Club of Michigan*, 20 T. C. 1033, were included in income of an accrual taxpayer even though they had not been earned.

Here, the subscriptions were actually received in cash, without any restrictions as to their use or disposition, and only business policy of petitioner required a refund upon application of a subscriber, a practice short of a legal obligation to do so. To conclude, we find no error in the determination made by the respondent. Accordingly,

*Decision will be entered for the respondent.*