OPINION. Rice, Judge: The first issue to be decided is the correctness of respondent’s determination that the entire amount of the partnership’s advance tuition fees must be included in income in the year of receipt, regardless of the number of prepaid lessons remaining to be taught at the end of such year. Petitioner argues that an accrual basis taxpayer’s treatment of prepaid tuition receipts as deferred income is in accord with generally accepted accounting practice and that respondent erred in determining that, as a matter of law, such system failed to clearly reflect income. Irrespective of the merits of the generally accepted commercial accounting treatment of prepaid income, it has been clearly established that, under the “claim of right” doctrine, prepaid income must be reported as income in the year of receipt. South Dade Farms v. Commissioner, 138 F. 2d 818 (C. A. 5, 1943); Wallace A. Moritz, 21 T. C. 622 (1954); Your Health Club, Inc., 4 T. C. 385 (1944); South Tacoma Motor Co., 3 T. C. 411 (1944). The essential criterion of these cases is present here; namely, that there was no restriction as to the use or disposition of the prepaid receipts. See Brown v. Helvering, 291 U. S. 193 (1934); North American Oil v. Burnet, 286 U. S. 417 (1932). The fact that some portion of such receipts might have to be refunded in the future did not affect their nature as income. North American Oil v. Burnet, supra. The record before us indicates that the members of the partnership made unrestricted use of their prepaid receipts despite the tenets of their accounting system that such receipts were to be considered as deferred income, a liability account, until services were actually rendered therefor. Thus, upon dissolution of the partnership, the aggregate amount of prepaid receipts deferred as Unearned Tuition was $272,958.80; whereas the cash account of the partnership amounted to only $47,495.82. Although the partnership reported a total net income of $249,048.63 for the period from 1942 until its dissolution in 1948, the partners had withdrawn a total of $321,771.21 during this period and their capital accounts showed a deficit of $107,945.70 on January 31, 1948. Notwithstanding this unrestrained use of prepaid receipts, the partnership’s accounting system may well have “clearly reflected income” according to generally accepted commercial accounting practice. However, accounting practice must bow to established rules of law in the determination of taxable income. The “claim of right” doctrine is firmly established and must govern the result herein. We agree with the dissenting opinion in Beacon Publishing Co. v. Commissioner, 218 F. 2d 697 (C. A. 10, 1955), reversing 21 T. C. 610 (1954), that, “under the settled law in force at the time, the entire amount received for prepaid subscriptions constituted income returnable for the year in which it was received, even though the taxpayer kept its books and made its returns on the accrual basis.” Respondent did not err in determining, pursuant to section 41 of the Internal Revenue Code of 1939, that the method employed by the partnership did not clearly reflect its income and that the entire amount of prepaid tuition fees constituted income in the years in which received. Automobile Club of Michigan, 20 T. C. 1033 (1953), on appeal (C. A. 6, Mar. 4, 1954). The divergencies which have developed between the tax and accounting methods of computing income have been recognized by the Congress[2] and a change in the law was made in the Internal Revenue Code of 1954 for the deferral of prepaid income.[3] But petitioner is governed by the Internal Revenue Code of 1939 for the years here in issue and, consequently, his distributive share of partnership income for each of such- years must be increased by his proportionate share of prepaid income not reported as income by the partnership in the year of receipt. A similar adjustment must be made with respect to the prepaid receipts received by petitioner in the operation of his sole proprietorship in 1948. The second issue herein concerns respondent’s determination that petitioner realized a capital gain in the amount of $81,813.19 upon the sale of his interest in the partnership. Respondent computed such gain by subtracting the adjusted basis of petitioner’s investment account in the partnership ($82,486.95) from the sum of the various assets received by petitioner upon the termination of the partnership ($164,300.14) .[4] However, petitioner reported his income on the cash basis during the year in issue, 1948; and, consequently, only cash or its equivalent can be used in computing gain or loss realized by him.[5] John B. Atkins, et al., 9 B. T. A. 140 (1927). He, therefore, contends that the $100,000 contractual agreement which he received as part payment for his partnership interest cannot be considered as the equivalent of cash or as having any ascertainable fair market value. He argues that only the $9,000 actually received on the $100,000 contractual agreement during 1948 can be included in the computation of gain for that year and that no taxable gain is reportable for the year 1948 since the “amount realized” during that year was less than the basis for his partnership interest. Estate of Clarence W. Ennis, 23 T. C. 799 (1955); Nina J. Ennis, 17 T. C. 465 (1951); Harold W. Johnston, 14 T. C. 560 (1950); Dudley T. Humphrey, 32 B. T. A. 280 (1935). Petitioner relies on Nina J. Ennis, supra, wherein we stated that “In determining what obligations are the ‘equivalent of cash’ the requirement has always been that the obligation, like money, be freely and easily negotiable so that it readily passes from hand to hand in commerce.” The promise of petitioner’s partner to make deferred payments to him aggregating $100,000 was embodied in the agreement terminating their partnership. Although accompanied by the guaranty of another individual, this was merely a contractual obligation. It “was not embodied in a note or other evidence of indebtedness possessing the element of negotiability and freely transferable.” Nina J. Ennis, supra. In computing the “amount realized from the sale” of property by a cash basis taxpayer, we do not consider that a promise such as here to make a series of deferred payments, which is embodied solely in a contract of sale of a type not commonly sold and with no readily ascertainable fair market value, constitutes “property (other than money) received.” We, therefore, conclude that petitioner realized no taxable gain on the dissolution of the partnership in 1948 because the sum of the $9,000 paid on the contract in that year plus the other property received during that year did not exceed his adj usted basis in the assets of the partnership. Decisions will be entered vmder Bule 50. S. Rept No. 1622, 83d Cong., 2di Sees. (1954), pp„ 62, 63 : Present law provides that the net Income of a taxpayer shall be computed In accordance with the method of accounting regularly employed by the taxpayer, if such method clearly reflects the income, and the regulations state that approved standard methods of accounting will ordinarily be regarded as clearly reflecting taxable income. Nevertheless, as a result of court decisions and rulings, there have developed many divergencies between the computation of income for tax purposes and income for business purposes as computed under generally accepted accounting principles. The areas of difference are confined almost entirely to questions of when certain types of revenue and expenses should be taken into account in arriving at net income. ******* Under present law payments received in advance for the use of property in future years or for services to be rendered in future years are includible in the income of the recipient in the year they are received. This is true regardless of the taxpayer’s method of accounting. However, well-established accounting procedure provides that in the case of those on an accrual accounting system payments for rentals, club dues, warehouse fees, and the like should be included in income in the year in which the income Is earned and in the year in which the related expenses are incurred. This is not necessarily the year of receipt. The House and your committee’s bill permit accrual-basis taxpayers to defer the reporting of advance payments as income until the year, or years, in which, under the taxpayer’s regular method of accounting, the income is earned. * * * Sec. 452. Respondent’s actual computation is somewhat more complex because he first reduces the adjusted basis of petitioner’s partnership interest by one-half the book value of the Toledo studio on the theory that petitioner did not sell his interest in this particular partnership asset. In computing the amount received by petitioner, he makes a compensating adjustment and includes only one-half the book value of the Toledo studio. SEC. 111. DETERMINATION OF AMOUNT OF, AND RECOGNITION OF, GAIN OR LOSS. (a) Computation of Gain ob Loss. — The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis * * * (b) Amount Realized. — The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.