Globe Tool & Die Manufacturing Co., Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 64917. Filed August 27, 1959.

*George S. Fuller, Esq.*, for the petitioner.
*Frank V. Moran, Jr., Esq.*, for the respondent.

OPINION.

Opper, *Judge:* The respondent determined deficiencies in income tax for 1951 and 1952 in the respective amounts of $9,861.53 and $26,309.71.

The issues before the Court are whether petitioner is entitled to a deduction in each of the taxable years 1951 and 1952 for additional Massachusetts excise tax

---

for each of the said years which will result from a final determination of petitioner's net income for federal income tax purposes for each of the said years and whether petitioner is entitled to deduct in each of the said years additional corporate excise tax determined to be due by the Commissioner of Corporations and Taxation for the Commonwealth of Massachusetts. [Stipulation.]

All of the facts have been stipulated and are hereby found. They are essentially:

2. The Globe Tool & Die Manufacturing Co., Inc., hereinafter referred to as petitioner, is a Massachusetts corporation with its principal place of business in Southbridge, Massachusetts.

3. Petitioner filed its income tax returns for the taxable years 1951 and 1952 with the director for the district of Massachusetts. * * *

4. Petitioner filed its 1952 and 1953 Massachusetts corporate excise tax returns with the Commissioner of Corporations and Taxation for the Commonwealth of Massachusetts. These returns represent returns of income for the taxable years 1951 and 1952, respectively. * * *

5. At all times material hereto petitioner kept its books and filed its income tax returns on the accrual calendar year basis.

6. Petitioner's income tax returns for the taxable years 1951 and 1952 were examined by an agent of respondent. As a result of the said examination the following adjustments were made:

*1951*

Unallowable Deductions and Additional Income

| | |
|---|---:|
| Officer's salary | $4, 650. 00 |
| Capital expenditures | 12, 192. 62 |
| Personal items | 1, 348. 27 |
| Legal fees | 4, 553. 59 |
| Depreciation | 1, 492. 88 |
| Insurance premiums | 1, 643. 25 |
| Lease expense | 2, 080. 00 |
| Total | $27, 960. 61 |

Nontaxable Income and Additional Deductions

| | |
|---|---:|
| Rental income | $4, 795. 00 |
| Inventory | 6, 741. 71 |
| Total | $11, 536. 71 |

*1952*

Unallowable Deductions and Additional Income

| | |
|---|---:|
| Officer's salary | $3, 900. 00 |
| Capital expenditures | 5, 363. 05 |
| Personal items | 1, 505. 80 |
| Rental income | 1, 200. 00 |
| Depreciation | 1, 188. 50 |
| Insurance premiums | 1, 982. 50 |
| Lease expense | 2, 080. 00 |
| Sale of goodwill—capital loss | 10, 000. 00 |
| Provision for bad debts and discounts | 6, 909. 77 |
| Expense of sale | 5, 877. 85 |
| Total | $40, 007. 47 |

These said adjustments resulted in deficiencies in income tax for the taxable years 1951 and 1952 in the amounts of $11,168.26 and $28,005.23. These adjustments were the subject of a revenue agent's report dated September 25, 1953.

7. In April 1954 petitioner, through its president, * * * executed a Form 870 waiving the restrictions on the assessment and collection of the said deficiencies in income tax for the taxable years 1951 and 1952 as set forth in paragraph 6.

8. Subsequently, on April 16, 1954, prior to the assessment of the said deficiencies by respondent, petitioner withdrew the said agreement (Form 870) which agreement was returned to it by the director for the district of Massachusetts on April 20, 1954.

9. On April 21, 1954 the director for the district of Massachusetts sent to petitioner, as requested, a 30-day letter containing a copy of the revenue agent's report dated September 25, 1953.

10. On May 19, 1954 petitioner filed a protest with the director for the district of Massachusetts. * * *

11. As a result of the protest filed by petitioner on May 19, 1954 the adjustments to the deductions for depreciation made in the said revenue agent's report dated September 25, 1953 were reconsidered with the result that petitioner was allowed, in revenue agent's report dated December 9, 1955, additional deductions for depreciation in the said years of $1,921.65 and $2,422.17, respectively, over the amounts allowed in the revenue agent's report dated September 25, 1953.

12. The said adjustments to the deductions for depreciation in the revenue agent's report dated December 9, 1955 resulted from a recomputation of depreciation on the unit basis as theretofore used by the petitioner rather than the composite basis used in the revenue agent's report dated September 25, 1953.

13. A copy of the said revenue agent's report dated December 9, 1955 was sent to petitioner on February 3, 1956.

14. Subsequently, on February 13, 1956, petitioner filed a protest with the director for the district of Massachusetts. * * *

15. On August 30, 1956 respondent sent to petitioner by registered mail a notice of deficiency determining deficiencies in income tax for the taxable years 1951 and 1952 in the amounts of $9,861.53 and $26,309.71, respectively.

16. Said determination by respondent was based on the adjustments contained in the revenue agent's report dated September 25, 1953, as modified by the revenue agent's report dated December 9, 1955.

17. The said notice of deficiency contained the following explanatory paragraph:

"The issue raised in your protest, requesting a deduction for additional Massachusetts' excise, based upon the adjustments to your net income for each of the taxable years ended December 31, 1951 and December 31, 1952, has been given careful consideration. It has been determined that no deduction is allowable for the reason that the tax liability for additional excise tax to the Commonwealth of Massachusetts, not being fixed nor ascertainable at this time, does not constitute an allowable deduction under the provisions of section 23 of the Internal Revenue Code of 1939."

18. Subsequent to the filing of petitioner's corporate excise tax return for the taxable year 1951 with the Commissioner of Corporations and Taxation for the Commonwealth of Massachusetts, said Commissioner during the taxable year 1952 redetermined the petitioner's corporate excess with the result that the petitioner's corporate excise tax was increased in the amount of $2,267.62.

19. On October 20, 1952 the petitioner accepted the determination of the said Commissioner and forwarded to the Commissioner a check in the amount of $2,335.65, the amount of additional excise tax determined to be due for the taxable year 1951 plus interest in the amount of $68.03.

20. Subsequent to the filing of petitioner's corporate excise tax return for the taxable year 1952 with the Commissioner of Corporations and Taxation for the Commonwealth of Massachusetts, said Commissioner during the taxable year 1953 redetermined the petitioner's corporate excess with the result that petitioner's corporate excise tax was increased in the amount of $1,513.62.

21. On November 20, 1953 the petitioner accepted the determination of the said Commissioner and forwarded to the Commissioner a check in the amount of $1,559.03, the amount of additional excise tax determined to be due for the taxable year 1952 plus interest in the amount of $45.41.

22. During the taxable year 1954 petitioner sustained a net operating loss in the amount of $28,480.14 and, accordingly, is entitled to a net operating loss deduction for the taxable year 1952 in the amount of $28,480.14.

23. Subsequent to the filing of its corporate excise tax returns for the taxable years 1951 and 1952 the petitioner has not filed with the Commissioner of Corporations and Taxation for the Commonwealth of Massachusetts any reports of the changes made to its net incomes for the said years by the Commissioner of Internal Revenue as disclosed in the notice of deficiency (a copy of which is attached to the petition and marked Exhibit A) as modified by the allowance of the net operating loss deduction for the taxable year 1952 (Paragraph 22, supra).

The parties are apparently agreed that in general a deduction is accruable when the liability becomes fixed and the amount is reasonably ascertainable. *Lucas* v. *American Code Co.*, 280 U.S. 445; *Beacon Publishing Co.* v. *Commissioner*, (C.A. 10) 218 F. 2d 697; reversing 21 T.C. 610. They also, of course, accept the concept of *Dixie Pine Co.* v. *Commissioner*, 320 U.S. 516, and *Security Mills Co.* v. *Commissioner*, 321 U.S. 281, that when a tax liability is being contested it is not so certain or ascertainable in amount as to permit its accrual until the termination of the controversy.

The narrow question here is in which category the facts place this case.

The problem is by no means free from difficulty. It has been indicated that accrual of an item must be preceded by events which not only determine liability but also fix the amount. Cf., e.g., *United States* v. *Anderson*, 269 U.S. 422, 441. On the other hand, it has been held that where liability is fixed and where the amount involved can be estimated with reasonable accuracy, the liability may be accrued even though it may be necessary at some later time to correct the estimate by an amended return or by some other means. *Continental Tie & Lumber Co.* v. *United States*, 286 U.S. 290, 297–299. * * * *H. H. Brown Co.*, 8 T.C. [B.T.A.] 112 (Acq., VII–1 C.B. 5). [*Harbor Building Trust*, 16 T.C. 1321, 1335.]

Petitioner contends that it has never contested the amount of tax due by it and that by the end of the respective taxable years all of the facts were known or ascertainable which would determine the amount of its corporation excise tax due to the State of Massachusetts. But we do not construe the Massachusetts statute levying the corporation excise tax as operating in the same way as the real property tax involved in the *Harbor Building Trust* case, *supra*.

The present petitioner being on an accrual basis, these additional

taxes are not deductible as an expense until liability to pay them becomes fixed. The amount of petitioner's liability to pay Massachusetts excise tax for the years in controversy was not fixed by the adjustments to its income made by the respondent. But even had it been, these events did not occur during the respective taxable years. Petitioner is contesting some of those adjustments in this proceeding. Under the provisions of section 36 of chapter 63 of the General Laws of Massachusetts,[1] the events which fix its liability for additional tax are a final determination of its Federal net income, a report thereof made to the Massachusetts commissioner of taxation, and an assessment by him of any additional excise tax determined to be due. None of these steps has yet been taken, and since petitioner was on an accrual basis, deduction of the amounts in question must await final resolution of the controversy fixing its liability. See *A. H. Morse Co.* v. *Commissioner*, (C.A. 1) 208 F. 2d 751, affirming a Memorandum Opinion of this Court on another issue, this issue having been conceded on appeal by the taxpayer there.

Furthermore, as we said in *Gunderson Bros. Engineering Corp.*, 16 T.C. 118, 126:

The petitioner, with clarity and in all apparent sincerity, claimed the deduction on its state tax return, which had the practical effect of denying tax liability in any greater amount than reported.

It is not clear from the record whether petitioner was allowed any deduction in 1952 for payments actually made in that year on account of its 1951 corporate excise tax liability—or for interest thereon. We assume this has been done. See *Automobile Club of New York, Inc.*, 32 T.C. 906. Similar treatments of 1951 and previous years' payments, if any, might place the petitioner in a situation substantially as favorable as the one it is seeking here. While it is not clear that this matter is in issue, nevertheless, since it would be consistent with the present holding, it can, if necessary, be cleared up under Rule 50.

On the only issue stated to be in controversy, the deficiency is approved. By reason of a conceded adjustment for 1952,

*Decision will be entered under Rule 50.*

---

[1](As amended by Acts of 1935, ch. 473, sec. 2, and Acts of 1950, ch. 506). "Any final determination of the federal net income made pursuant to the provisions of federal law under which such net income is found to differ from the net income originally reported to the federal government shall be reported by the corporation to the commissioner within seventy days of receipt by it of notice of such final determination, with a statement of the reasons for the difference, in such detail as the commissioner may require. If from such report or upon investigation it shall appear that the tax with respect to income imposed by this chapter has not been fully assessed, the commissioner shall within one year of the receipt of such report or within one year of discovery of such a determination, if unreported, assess the deficiency, with interest at the rate prescribed in section forty-eight from April tenth of the year in which the original return of income of the corporation was due to be filed, and the tax so assessed shall be payable thirty days from the date of notice to the corporation of such assessment. * * * "